[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12392
Non-Argument Calendar

_____

D.C. Docket No. 4:12-cr-10009-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLEON MAJOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 13, 2014)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Cleon Major appeals his conviction and sentence of 110 months of

imprisonment following his plea of guilty to defrauding the Gulf Coast Claims

Facility by means of wire communications.  18 U.S.C. §§ 2, 1343.  Major argues that the United States violated his plea agreement by failing to recommend that he receive a three-level reduction for acceptance of responsibility.  See United States Sentencing Guidelines Manual § 3E1.1 (Nov. 2012).  Major also argues that his sentence is unreasonable.  We affirm.

## I. BACKGROUND

Major entered a written agreement to plead guilty to one count of wire fraud, see 18 U.S.C. § 2, 1343, in exchange for the dismissal of 11 charges for wire fraud and access device fraud.  The United States "agree[d] that it would recommend at sentencing that the court reduce the sentencing guideline level applicable to [Major's] offense . . .  based upon [his] recognition and affirmative and timely acceptance of personal responsibility."  But the United States was relieved of its obligation to make the sentencing recommendation if Major "fail[ed] or refuse[d] to make full, accurate, and complete disclosure to the Probation Office of the circumstances surrounding the relevant offense conduct"; "misrepresented facts to the government prior to entering [the] plea agreement"; or "commit[ted] any misconduct after entering into [the] plea agreement."  Major agreed both to waive his right "to appeal any sentence imposed . . . or to appeal the manner in which the sentence was imposed, unless the sentence exceed[ed] the maximum permitted by statute or [was] the result of an upward departure from the advisory

2

guideline range that the court establishe[d] at sentencing" and "to request that the district court enter a specific finding that the . . . waiver of his right to appeal the sentence imposed . . . was knowing and voluntary." He also acknowledged that the "appeal waiver include[d] a waiver of the right to appeal the sentence on the ground that under the advisory Sentencing Guidelines range determined by the court, the sentence imposed in [his] case [was] not a reasonable sentence."

During the change of plea hearing, the district court questioned Major about the waiver of his right to appeal his sentence. The district court asked Major, "[D]o you understand that you're waiving a very significant right in your right to appeal in this case?," to which Major responded, "Yes, I am." The district court then asked Major if he "underst[oo]d that [he was] pretty much giving up any right to appeal []his case unless [he received] an illegal sentence," and Major replied, "Yes sir, I do." After the district court confirmed that Major had discussed the appeal waiver with his attorney and that counsel was confident that Major understood his rights, the district court accepted Major's plea of guilty.

Major's presentence investigation report provided a total offense level of 25 that included a two-level enhancement because he obstructed justice by tampering with a witness, see U.S.S.G. § 3C1.1. The report did not recommend that Major receive a reduction for acceptance of responsibility because it was inconsistent with his obstruction of justice. See id. § 3E1.1 n.4. With a criminal history

3

category of VI, the report provided an advisory guidelines range between 110 and 137 months of imprisonment.

Major and the United States disagreed about Major's right to a reduction for acceptance of responsibility. Major objected to his presentence report and argued that he was entitled to the three-level reduction and that he was not responsible for losses attributable to his coconspirators. He contended that he had accepted responsibility for his conduct and had not violated the conditions of his plea agreement. The United States responded that Major was not entitled to the three-level reduction because "it [was] apparent from [Major's] instant effort and the PSR that he [had] failed to abide by the terms of his Plea Agreement . . . by '(1) failing or refusing to make [a] full, accurate, and complete disclosure to the Probation Office'" and "[t]hat failure . . . relieve[d] the United States of any obligation to recommend any reduction in his sentencing guideline predicated on Section 3E1.1." In reply, Major argued that "the Government [was] bound to recommend that [he] receive" the reduction and he had satisfied the conditions for the reduction because "he [had] consulted with Cherie Audette, [a] United States Probation Officer" to prepare the presentence report and had "made all of the necessary disclosures to her in order to receive an adjustment for acceptance of responsibility."

The Probation Office responded to Major's objections. In a second addendum to the presentence report, Ms. Audette stated that Major's "representation of the instant offense was not included" in the report because "Major[] declined to make any post arrest statements to the agents or the government." Audette offered to revise the presentence report "after sentencing to include Major's statements" if the district court "deem[ed] [the] information . . . relevant."

At the sentencing hearing, the district court directed Major to raise all "issues that remain outstanding" or they would be treated as "waiv[ed]." Major argued for a reduction for acceptance of responsibility, but he did not argue that the United States violated the plea agreement. The district court denied Major's request for the three-level reduction on the ground that his obstruction of justice was inconsistent with his acceptance of responsibility. See U.S.S.G. § 3E1.1 n.4. The district court "considered the statements of all the parties, the Presentence Report which contains the advisory guidelines[,] and the statutory factors" and imposed a sentence at the low end of Major's advisory guideline range.

## II. STANDARDS OF REVIEW

We apply two standards of review in this appeal. Because Major failed to object when given the opportunity during his sentencing hearing, we review his argument about the alleged breach of the plea agreement for plain error. See

Puckett v. United States, 556 U.S. 129, 134–36, 129 S. Ct. 1423, 1428–29 (2009). Under that standard, Major must prove that there is error that is plain and that violates his substantial rights. Id. at 135, 129 S. Ct. at 1429. We review de novo the validity of Major's waiver of his right to appeal his sentence. See United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008).

### III. DISCUSSION

Major argues that the United States violated its plea agreement by refusing to recommend that he receive a reduction for acceptance of responsibility and that his sentence is procedurally and substantively unreasonable. The United States responds, in relevant part, that Major cannot prove that his substantial rights were affected by the alleged breach of his plea agreement and that Major waived the right to appeal the reasonableness of his sentence. We agree with the United States.

Even if we were to assume that the United States breached the plea agreement by refusing to recommend that Major receive the three-level reduction, Major cannot prove that the breach prejudiced his substantial rights. See Puckett, 556 U.S. at 135, 129 S. Ct. at 1429. For an error to affect substantial rights," a defendant must prove that the error "affected the outcome of the district court proceedings" to the point that it "undermine[s] confidence in the outcome." United States v. Rodriguez, 398 F.3d 1291, 1299 (11th Cir. 2005) (internal quotation

marks and citations omitted).  The United States refused to recommend a reduction for acceptance of responsibility on the ground that Major failed to make a complete disclosure of his involvement in the offense, but the district court refused to award Major a reduction for acceptance of responsibility because it was inconsistent with his obstruction of justice.  See U.S.S.G. § 3E1.1 n.4.  The alleged breach by the United States did not affect the decision of the district court.

Major's challenges to his sentence are barred by the appeal waiver in his plea agreement.  In his plea agreement, Major agreed to "waive[] [his] right to appeal the sentence on the ground that . . . [it was] not a reasonable sentence."  The district court discussed the waiver with Major during his change of plea hearing, and Major acknowledged at that hearing that he had agreed to waive his right to appeal his sentence.  See Johnson, 541 F.3d at 1066.  Major knowingly and voluntarily waived the right to appeal the reasonableness of his sentence.

## IV. CONCLUSION

We **AFFIRM** Major's conviction and sentence.