[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11843
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cr-00259-ACC-KRS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HARRY CANCEL-VELEZ,
a.k.a. Harry,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 15, 2015)

Before JORDAN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Appellant Harry Cancel-Velez pled guilty to conspiracy to commit access-

device fraud.  In exchange for his plea, the government agreed to recommend a

three-level downward adjustment for acceptance of responsibility under the United States Sentencing Guidelines and a sentence within the calculated sentencing guideline range. The government also agreed to consider whether Cancel-Velez's cooperation qualified as "substantial assistance" warranting a downward departure from the applicable guideline range. In this regard, the plea agreement states,

> [T]he defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, in any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

The plea agreement also contains a limited waiver of appeal, which provides as follows:

> 6. Defendant's Waiver of Right to Appeal the Sentence
>
> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the

2

> defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

In the plea agreement, Cancel-Velez acknowledged that he was entering into the agreement freely and voluntarily, that he understood the nature of the offense to which he was pleading guilty and its penalties, and that he was satisfied with his attorney's representation. Cancel-Velez and his attorney also certified that they had read the plea agreement in its entirety and that Cancel-Velez fully understood its terms.

During the Rule 11, Fed. R. Crim. P., plea colloquy, the district-court judge reviewed pertinent provisions of the plea agreement with Cancel-Velez, including, notably, his decision to waive his right to appeal his sentence except in limited circumstances. Cancel-Velez, who had a copy of the plea agreement in front of him, confirmed that he had discussed the appeal waiver provision with his attorney and that he understood that he was "waiving [his] right to appeal [his] sentence." The judge did not specifically describe the exceptions in the appeal waiver provision, but explained that "by this waiver you give up your right to appeal or contest your sentence on any ground except for those that are specifically mentioned here [in the provision]." Cancel-Velez stated that he did not have any questions about the waiver and that he made the waiver knowingly and voluntarily. At the conclusion of the hearing, the district court judge accepted Cancel-Velez's guilty plea and found that it was knowingly, voluntarily, and intelligently made.

At Cancel-Velez's sentencing, the district court determined that his guideline range was 37 to 46 months' imprisonment. The government moved for a two-level downward departure based on Cancel-Velez's substantial assistance. Cancel-Velez's attorney requested that the court "stretch [the substantial assistance departure] a little" due to Cancel-Velez's "significant" cooperation. Cancel-Velez's attorney highlighted that Cancel-Velez provided valuable information to the Secret Service, testified before a grand jury, and testified for the government in the sentencing hearings of other defendants. Based on the extent of his cooperation, Cancel-Velez was "hoping for a couple more levels." The court granted the two-level downward departure and Cancel-Velez's guideline range became 30 to 37 months' imprisonment. After considering the sentencing factors in 18 U.S.C. § 3553(a), the court imposed a sentence of imprisonment of 12 months and one day.

On appeal, Cancel-Velez argues, with respect to the appeal waiver, that due process requires that he be released from the waiver and that he fits within an exception to the waiver. On the merits, Cancel-Velez contends that the government did not fulfill its obligations under the plea agreement because it should have moved for a greater departure based on Cancel-Velez's substantial assistance.

4

We review the validity of a sentence appeal waiver *de novo* and will continue to enforce the waiver if it was made knowingly and voluntarily. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Johnson*, 541 F.3d at 1066; *Bushert*, 997 F.2d at 1351. This Court has noted that "[i]n extreme circumstances—for instance, if the district court had sentenced [the defendant] to a public flogging—due process may require that an appeal be heard despite a previous waiver." *United States v. Howle*, 166 F.3d 1166, 1169 n.5 (11th Cir. 1999).

Here, we find that the appeal waiver was knowingly and voluntarily made. The district-court judge specifically questioned Cancel-Velez about the appeal waiver. Although the judge did not list each exception, Cancel-Velez had a copy of the plea agreement in front of him at the time, and the judge referred to the provision and the limited grounds for appeal listed there. Cancel-Velez clearly confirmed that he understood the appeal waiver, had discussed it with his attorney, and did not have any questions about the provision. The representations Cancel-Velez made in the plea agreement itself further show that Cancel-Velez understood

5

the full significance of the waiver.  In sum, the circumstances show that Cancel-Velez was specifically questioned about the waiver and understood its full significance.  *See Bushert*, 997 F.2d at 1351.  There is no "extreme circumstance" here requiring that the appeal be heard despite the waiver.  *See Howle*, 166 F.3d at 1169 n.5.  Indeed, the district court sentenced Cancel-Velez well below the guideline range.  Consequently, the waiver is enforceable.

Moreover, it is not entirely clear what challenge Cancel-Velez presents on the merits of his appeal.  While he contends that an exception to the waiver permits him to appeal his sentence, he identifies no error committed by the district court in sentencing him.  Rather, his arguments relate only to the government's obligations under the plea agreement, to which the district court was not a party, but he does not state what relief he seeks from this Court—such as vacating his guilty plea or his sentence.  In any case, assuming that Cancel-Velez attempts to challenge the district court's sentence or the extent of the reduction granted by the court, no exception to the waiver applies to permit his appeal.  We therefore dismiss this portion of his appeal.

To the extent that Cancel-Velez contends that the government breached the plea agreement at sentencing, his challenge is cognizable despite the sentence appeal waiver.  *United States v. Copeland*, 381 F.3d 1101, 1105-06 (11th Cir. 2004) (reviewing whether the government breached a plea agreement

notwithstanding a sentence appeal waiver).  But cognizable does not equal meritorious.

"The government is bound by any material promises it makes to a defendant as part of a plea agreement that induces the defendant to plead guilty."  *United States v. Taylor*, 77 F.3d 368, 370 (11th Cir. 1996).  Under U.S.S.G. § 5K1.1, the district court may depart from the guidelines "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense."  U.S.S.G. § 5K1.1.

Here, the plea agreement expressly reserves to the government "the determination as to whether 'substantial assistance' has been provided or what type of motion related thereto will be filed, if any."  *See generally United States v. Forney*, 9 F.3d 1492, 1500-03 & n.5 (11th Cir. 1993) (explaining the limited circumstances in which a defendant can challenge a prosecutor's discretion with respect to filing a § 5K1.1 motion); *see also United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000).  Cancel-Velez further agreed that he could not and would not "challenge that determination, whether by appeal, collateral attack, or otherwise." Because Cancel-Velez has not alleged any unconstitutional motive on the part of the government, we could not review his challenge even if the government had refused to move for a sentence reduction altogether.  *See Forney*, 9 F.3d at 1502 n.5.  The government's decision as to the extent of the reduction sought is similarly

discretionary under the plea agreement. Consequently, the government did not violate the plea agreement, and we affirm as to this issue.

**DISMISSED IN PART; AFFIRMED IN PART**.