[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13423
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-00139-RWS-JKL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

UBLESTER GAMA-HERNANDEZ,
a.k.a. Rudolfo Veledias Gonzalez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 2, 2018)

Before TJOFLAT, MARTIN and NEWSOM, Circuit Judges.

PER CURIAM:

Ublester Gama-Hernandez appeals the 97-month sentence imposed after he

pled guilty to possession with intent to distribute at least 100 grams of heroin, in

violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a), (b)(2).

The government filed a motion to dismiss Gama-Hernandez's appeal, based on the sentence appeal waiver in his plea agreement. In response, Gama-Hernandez argues he did not understand the full consequences of the plea agreement. Because he does not speak English and had only a ninth-grade education, he argues the court's explanation of the appeal-waiver was not sufficient to ensure he understood he would not be able to appeal the calculation of the guideline range. Gama-Hernandez also argues the plea agreement itself was insufficient to show that he understood the full significance of the appeal waiver.

This Court reviews de novo the validity of a sentence appeal waiver. United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence appeal waiver will be enforced if it was made knowingly and voluntarily. United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that: (1) "the district court specifically questioned the defendant concerning the sentence-appeal waiver" during the plea colloquy; or (2) the record makes clear "the defendant otherwise understood the full significance of the waiver." Id.

The appeal waiver contained in Gama-Hernandez's plea agreement states:

2

> To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence . . . on any ground, except that the Defendant may file a direct appeal of an upward departure or upward variance above the sentencing guideline range as calculated by the district court. Claims that Defendant's counsel rendered constitutionally ineffective assistance are excepted from this waiver. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant my file a cross-appeal of that same sentence.

Gama-Hernandez signed the plea agreement as well as a statement that said he read, understood, and reviewed the plea agreement with his attorney; that he voluntarily agreed to the plea agreement's terms; and that he discussed with his attorney that the appeal-waiver provision would prevent him from appealing his sentence. His attorney also signed a statement acknowledging that he had carefully reviewed the charges and plea agreement with Gama-Hernandez.

During the change-of-plea hearing, a Spanish language interpreter was present and sworn-in. Gama-Hernandez said he had reviewed the plea agreement with his counsel as well as signed the last page of the agreement and the acknowledgement statement. He also said the government's explanation of the plea agreement during the hearing reflected his understanding of it.

The district court specifically questioned Gama-Hernandez about the plea agreement. The government read the appeal waiver provision into the record, and the court explained that, pursuant to the agreement, Gama-Hernandez had given up his rights to appeal. The court said Gama-Hernandez could only appeal if the court

3

imposed a sentence greater than the guidelines it calculated called for or the government appealed. Gama-Hernandez confirmed he understood the appeal waiver. His attorney also said he had discussed the appeal waiver with Gama-Hernandez with the assistance of a Spanish-speaking interpreter. Gama-Hernandez also confirmed no one had forced him, threatened him, or promised him anything to get him to sign the waiver. The court accepted his plea.

At the sentencing hearing, the court determined the applicable total offense level was 27 and criminal history was category III, which resulted in an advisory guideline range of 87- to 108-months imprisonment. The court imposed a mid-range sentence of 97-months imprisonment.

Under these circumstances, Gama-Hernandez made a knowing and voluntary waiver of his right to appeal. See Bushert, 997 F.2d at 1351. The exceptions to the appeal waiver do not apply because the 97-month sentence was not above the guideline range calculated by the district court, the government did not appeal, and Gama-Hernandez has not claimed ineffective assistance of counsel.

For these reasons, the government's motion to dismiss is GRANTED.