[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12519
Non-Argument Calendar

_____

D.C. Docket No. 2:17-cr-00008-LSC-WC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDRIC FOSTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(March 4, 2019)

Before TJOFLAT, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Cedric Foster pled guilty to one count of conspiracy to distribute and possess with intent to distribute in excess of five hundred grams of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 846.  He was sentenced to 135 months' imprisonment.  On appeal, he argues that the district court erred by increasing his offense level by eight levels under U.S.S.G. § 1B1.3(a)(2) and by two levels under U.S.S.G. § 2D1.1(b)(15).

In its brief to our Court, the government contends that Foster's plea agreement contains a valid and enforceable sentence appeal waiver and requests that we dismiss Foster's appeal on that basis.

We review the validity of a sentence appeal waiver *de novo*.  *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).  A sentence appeal waiver will be enforced if it was made knowingly and voluntarily.  *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).  To establish that the waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver.  *Id.*

Nothing forbids the government from raising the sentence appeal waiver for the first time in its appellate brief, rather than by motion in advance of its brief.  *Cf. United States v. Lopez*, 562 F.3d 1309, 1313 (11th Cir. 2009) (holding that we will

2

not enforce *sua sponte* the time requirements of Fed. R. App. P. 4(b) for filing a notice of appeal in criminal case, but the issue may be raised for the first time in the government's brief on appeal if not raised on motion).  "An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error."  *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005).  Further, even "[a] vigorous dispute about an issue during the sentencing proceedings does not preserve that issue for appeal when the terms of the appeal waiver do not except it from the waiver."  *United States v. Bascomb*, 451 F.3d 1292, 1296 (11th Cir. 2006).

We do not address Foster's arguments on the merits because his plea agreement contained a valid sentence appeal waiver which he knowingly and voluntarily entered into, and his plea colloquy establishes that he understood the nature and extent of the appeal waiver and agreed to it.  *See Bushert*, 997 F.2d at 1351.  Because none of the appeal waiver's exceptions apply, we grant the government's request to dismiss Foster's appeal.

**APPEAL DISMISSED.**