[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10029
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 28, 2008
THOMAS K. KAHN
CLERK

_____

D. C. Docket No. 04-00295-CR-1-JTC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS AURELIUS JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

Before TJOFLAT, BLACK and WILSON, Circuit Judges.

WILSON, Circuit Judge:

Marcus Aurelius Johnson ("Johnson") appeals the district court's order of

restitution on the sole ground that it was imposed 39 months after his sentence was imposed, well past the 90-day period required by 18 U.S.C. § 3664(d)(5). The government moves to dismiss because Johnson knowingly and voluntarily executed an appeal waiver as part of his plea agreement. For the reasons set forth below, we grant the government's motion to dismiss.

## I. BACKGROUND

On May 21, 2004, Johnson was charged in an information with conspiracy to commit identification document fraud in violation of 18 U.S.C. § 1028(f). Shortly thereafter, on May 26, Johnson entered into a negotiated plea agreement, the terms of which included an appeal waiver:

> LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal sentence and the right to collaterally attack sentence in any post-conviction proceeding on any ground, except that the defendant may file a direct appeal of (1) an upward departure from the otherwise applicable sentencing guideline range; and/or (2) the sentencing court's finding as to the application of § 2b1.1(B)(1) of the Sentencing Guidelines in the event the loss amount is determined to exceed $30,000.

(Plea Agreement, Government's Motion to Dismiss, Ex. B at 5.)

The plea agreement further provided, above Johnson's signature:

> I have also discussed with my attorney the rights I may have to appeal or challenge my sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my sentence or challenging my sentence in any post-

2

conviction proceeding.

(*Id*. at 6.)

During the plea colloquy, Johnson advised the court that he understood that the plea agreement contained a waiver of his right to appeal except in the limited instances of an upward departure from the sentencing guidelines or in the event the restitution amount exceeded $30,000:

> Court: What are the circumstances in which Mr. Johnson would be able to appeal?
> Johnson's Attorney: Yes, your Honor. We will have the ability to appeal any upward departure [or if] the loss amount is determined to exceed $30,000 . . . .
> Court: Okay. But do you understand you would not have any right to appeal? —
> Johnson: Yes.
> Court: — Or to file a later lawsuit challenging your sentence on any other grounds?
> Johnson: Yes.

(Tr. Plea Hearing, Government's Motion to Dismiss, Ex. C at 10-11.)

On September 10, 2004, Johnson was sentenced to twenty-six months in prison, three years of supervised release, a special assessment of one hundred dollars, and an amount of restitution to be determined. Over three years later, on December 20, 2007 the district court amended the judgment and ordered Johnson to pay restitution in the amount of $21,593.70. It is undisputed that neither of the exceptions to the appeal waiver are at issue. The sentence was within the

3

guidelines range and the order of restitution did not exceed $30,000.00.

## II.  DISCUSSION

We review the validity of a sentence appeal waiver de novo.  *United States v. Weaver*, 275 F.3d 1320, 1333 n.21 (11th Cir. 2001).  A sentence appeal waiver must be made knowingly and voluntarily.  *Id.*  The waiver is valid if the government shows either that: (1) the district court specifically questioned the defendant about the waiver; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).

Johnson argues that, notwithstanding his sentence appeal waiver, he may appeal the amended judgment because the district court issued a restitution order that was untimely pursuant to 18 U.S.C. § 3664(d)(5).[1]  Johnson cites to *United States v. Maung*, 267 F.3d 1113 (11th Cir. 2001), wherein we stated that §

---

[1]Section 3664(d)(5) provides:

> If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing.  If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order. Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief.

18 U.S.C. § 3664(d)(5).

3664(d)(5) prohibits a district court from "impos[ing] a sentence and then delay[ing] determination of the amount of losses more than 90 days from sentencing." *Id*. at 1121. Johnson argues that this untimeliness rendered the sentence illegal and that even a valid waiver should not preclude us from vacating it. In support, Johnson cites *United States v. Andis*, 333 F.3d 886 (8th Cir. 2003) (en banc), in which the Eighth Circuit held that imposition of an illegal sentence constituted "a miscarriage of justice" and may be appealed despite the existence of an otherwise valid waiver. *Id*. at 891-92.

The government argues that Johnson knowingly and voluntarily waived his right to appeal his sentence as evidenced by the clear terms of the plea agreement as well as by the district court's specific questioning of Johnson at the plea hearing. The government argues that because restitution is part of a criminal defendant's waiver, see *United States v. Satterfield*, 743 F.2d 827, 837 (11th Cir. 1984) ("There can be little doubt that Congress intended the restitution penalties of the VWPA [Victim and Witness Protection Act of 1982, 18 U.S.C. § 3663[2]] to be incorporated into the traditional sentencing structure."), a waiver of the right to

---

[2]At the time of our opinion in *Satterfield*, the VWPA was codified at 18 U.S.C. §§ 3579 and 3580; however, Congress recodified the VWPA as §§ 3663 and 3664 through the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987. *See United States v. Dickerson*, 370 F.3d 1330, 1337 n.13 (11th Cir. 2004).

appeal a sentence necessarily includes a waiver of the right to appeal the restitution imposed. The government asserts that, although the Eighth Circuit recognized a "miscarriage of justice" exception, the court cautioned that the exception was "a narrow one and w[ould] not be allowed to swallow the general rule that waivers of appellate rights are valid." *Andis*, 333 F.3d at 891. The government states that Johnson does not object to the substance of the amended sentence (the amount of restitution did not exceed the $30,000 threshold), but merely that the court acted untimely; thus, the sentence itself did not violate Johnson's right to due process or result in a miscarriage of justice.

In *United States v. Kapelushnik*, 306 F.3d 1090 (11th Cir. 2002), we held that where "the district court fails to [issue an order of restitution] within the 90-day limitations period, the judgment of conviction becomes final and contains no enforceable restitution provision." *Id*. at 1093-94. In *Maung*, however, we indicated that in limited circumstances a district judge may impose restitution after the 90-day period, such as "in cases where the defendant's own bad faith" causes the delay. *Maung*, 267 F.3d at 1122 ("Allowing the defendant's own bad faith delay to foreclose the entry of a restitution order could conceivably put restitution in some cases in the defendant's own discretion."). Thus, although the question was not before us, we recognized the possibility that the 90-day period could be

6

equitably tolled. *Id.* Our reasoning in *Maung* comports with the well established rule that equitable tolling principles "are read into every federal statute of limitation" absent congressional intent to the contrary. *Cook v. Deltona Corp.*, 753 F.2d 1552, 1562 (11th Cir. 1985); *see also Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 707 (11th Cir. 1998) (same); *Hill v. Texaco, Inc.*, 825 F.2d 333, 334 (11th Cir. 1987) (same).

Because the statute of limitations may be equitably tolled, it is not jurisdictional. *See Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (per curiam) (explaining that federal statutory limitations period under scrutiny was "'mandatory and jurisdictional' [and therefore] not subject to equitable tolling"); *Coke v. Gen. Adjustment Bureau, Inc.*, 640 F.2d 584, 588-89 (5th Cir. 1981) (distinguishing between jurisdictional prerequisites and statutes of limitations that can be equitably tolled).[3] The crux of Johnson's appeal, therefore, is whether the factual circumstances of this case permitted the district court to equitably toll the 90-day limitations period. We do not reach that question, however, because we find that Johnson waived his statutory right[4] to appeal his sentence.

---

[3]This court adopted as binding precedent the decisions of the former Fifth Circuit prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[4]"The right to appeal is purely statutory." *Bushert*, 997 F.2d at 1347.

Johnson does not dispute that his waiver was knowing and voluntary; that he explicitly waived an appeal as to restitution so long as the amount did not exceed $30,000; or that the amount of restitution is, in fact, under $30,000. That Johnson may have a meritorious argument on whether the court erred in effectively equitably tolling the limitations period does not overcome his waiver in this instance. As we have said previously, "[w]aiver would be nearly meaningless if it included only those appeals that border on the frivolous." *United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999). The waiver includes more than just difficult or debatable legal issues; it includes "waiver of the right to appeal blatant error." *Id*.; *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005) (per curiam).

We recognize, however, that an effective waiver is not an absolute bar to appellate review. In *Bushert*, we commented that "a defendant who has executed an effective waiver does not subject himself to being sentenced entirely at the whim of the district court." *Bushert*, 997 F.2d at 1350 (internal quotation marks omitted). We indicated that "a defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." *Id*. at 1350 n.18 (internal quotation marks omitted). We also stated that

8

"[i]t is both axiomatic and jurisdictional that a court of the United States may not impose a penalty for a crime beyond that which is authorized by statute." *Id*. Six years after *Bushert*, we stated that "[i]n extreme circumstances—for instance, if the district court had sentenced [the defendant] to a public flogging—due process may require that an appeal be heard despite a previous waiver." *Howle*, 166 F.3d at 1169 n.5.

Assuming that the district court erred in delaying the issuance of the restitution order, the 36 months that accrued beyond the 90-day threshold does not, by itself, give rise to an "extreme circumstance" requiring it to be heard despite a previous knowing and voluntary waiver. Johnson cannot be said to have been subjected to the unfettered whim of the district court, or punished on the basis of a constitutionally impermissible factor such as race. Furthermore, we do not believe the *Bushert* court, in referencing "the maximum penalty provided by statute" or the imposition of "a penalty for a crime beyond that which is authorized by statute," had in mind an untimely restitution order; rather, we read that commentary as aiming at the imposition of a sentence exceeding the statutory range authorized for the offense of conviction. The restitution statute at issue here, 18 U.S.C. § 3663, has no prescribed statutory maximum. *See Dohrmann v. United States*, 442 F.3d 1279, 1281 (11th Cir. 2006). Johnson can hardly be

viewed as receiving punishment in excess of a statutory maximum—or, indeed, even in excess of his own expectations—given that he agreed not to appeal an order of restitution that did not exceed $30,000. "A plea agreement is, in essence, a contract between the Government and a criminal defendant." *Howle*, 166 F.3d at 1168. To allow an appeal in this instance would effectively write into the contract an exception that the parties did not agree to. This we cannot do. The Sixth Circuit has recently come to the same conclusion. *See United States v. Gibney*, 519 F.3d 301, 305-06 (6th Cir. 2008) (dismissing appeal due to waiver despite defendant's argument that district court's restitution order exceeded the ninety-day time frame in 18 U.S.C. § 3664(d)(5)).[5]

Before concluding, we recognize that there is a need for finality in imposing

---

[5]To the extent that the Eighth Circuit's application of the "miscarriage of justice" exception, recognized in *Andis*, 333 F.3d at 891-92, would result in a different outcome, we respectfully disagree. We are not sure, however, that the Eighth Circuit would apply the "miscarriage of justice" exception in this case. The Eighth Circuit has previously held that a defendant's appeal waiver was not overcome by defendant's arguments attacking restitution on grounds of due process, insufficient evidence showing loss, and the victim's failure to seek restitution. *United States v. Greger*, 98 F.3d 1080, 1081-82 (8th Cir. 1996). We further note that the Eighth Circuit has recently clarified the language in *Andis* referring to "a defendant ha[ving] the right to appeal an illegal sentence, even though there exists an otherwise valid waiver." *Andis*, 333 F.3d at 891-92. In *United States v. Schulte*, 436 F.3d 849 (8th Cir. 2006), the court cautioned that "not every action that is contrary to law or in excess of the district court's statutory authority constitutes an 'illegal sentence' that avoids an appeal waiver." *Id*. at 850. Indeed, the court stated that "[t]he concept of an 'illegal sentence' may not apply neatly to restitution orders, as they are not in the nature of a criminal penalty." *Id*. at 851 (internal quotation marks omitted). The court explained that the focus of *Andis* was on "a statutory range" and that restitution orders "are not subject to any prescribed statutory maximum." *Id*. (internal quotation marks omitted).

restitution and that a thirty-six month delay is not a trivial amount of time.  Our decision today does not provide district courts with free reign to disregard the 90-day period where a defendant has executed an appeal waiver.  Under different circumstances, we can foresee how a delay may require our review despite a valid waiver.  Here, however, where Johnson voluntarily and knowingly waived an appeal of restitution that did not exceed an amount of $30,000, where the court imposed an amount less than $30,000, and where the length of delay beyond the period of limitations is 36 months, Johnson's waiver precludes our review.  Accordingly, we grant the government's motion to dismiss.

**SO ORDERED.**