[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10995
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-20675-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CUTHBERT LEW NICHOLAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 18, 2017)

Before TJOFLAT, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Culbert Nicholas appeals his 120-month sentence, imposed after pleading

guilty to one count of possession with the intent to distribute controlled substances,

in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C)–(D), one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  On appeal, Nicholas argues that the district court erred by designating him as a career offender under the Guidelines.  He does not argue that his sentence appeal waiver should not be enforced.  Upon review of the record and consideration of the parties' briefs, we affirm.

We review the validity of a sentence appeal waiver *de novo*.  *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).  A sentence appeal waiver will be enforced if made knowingly and voluntarily.  *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).  To establish that the waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver.  *Id*.

The record shows that Nicholas's sentence appeal waiver was made knowingly and voluntarily.  During the plea colloquy, the court specifically questioned Nicholas about the appeal waiver, and Nicholas indicated that he waived his right to appeal knowingly and voluntarily.  *See Bushert*, 997 F.2d at 1351.  He also indicated that he was not forced or coerced into agreeing to the

2

terms of the plea deal.  Therefore, his appeal waiver is valid.  *See id.*  Moreover, the only exceptions to the waiver are not applicable, because there was no upward departure or variance by the district court and the sentence was not above any of the statutory maximums.  In fact, Nicholas's sentence of 120 months was below the guideline range of 262 to 327 months and equal to the lowest statutory maximum of 120 months.  Therefore, his appeal is barred by his sentence appeal waiver.

Therefore, his appeal is barred by his sentence appeal waiver.  Accordingly, we affirm.

**AFFIRMED.**