[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12266
Non-Argument Calendar

_____

D.C. Docket No. 1:99-cr-00517-MGC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBEN DARIO POLANCO,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 15, 2019)


Before WILSON, EDMONDSON, and HULL, Circuit Judges.

PER CURIAM:

Ruben Polanco appeals his within-guideline range sentence of 70 months' imprisonment imposed after he pled guilty to attempted possession with intent to distribute cocaine.  On appeal, Polanco argues that the district court clearly erred in denying him a two-level minor-role reduction under U.S.S.G. § 3B1.2:  he says no evidence shows that he was himself a drug trafficker as opposed to a kind of broker or assistant to the main parties.  The government, in turn, seeks to enforce the sentence appeal waiver in Polanco's plea agreement.  Before reaching the merits of Polanco's appeal, we address the enforceability of the appeal waiver.

I.

We review the validity of a sentence appeal waiver *de novo*.  *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).  A sentence appeal waiver will be enforced if it was made knowingly and voluntarily.  *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).  To establish that the waiver was made knowingly and voluntarily, the government must show either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver.  *Id.*

2

Never was Polanco specifically questioned about the sentence appeal waiver during the plea colloquy, and the record does not otherwise make clear that he understood its full significance.  The appeal waiver is not enforceable against Polanco's appeal.

## II.

We review a district court's denial of a role reduction for clear error.  *United States v. Rodriguez De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (*en banc*).  A factual determination is clearly erroneous when we are left with the definite and firm conviction that a mistake has been committed after reviewing all of the evidence.  *United States v. Villarreal*, 613 F.3d 1344, 1358 (11th Cir. 2010).  The proponent of a reduction bears the burden of proving a minor role in the offense by a preponderance of the evidence.  *Rodriguez De Varon*, 175 F.3d at 939. Unobjected-to facts in the PSI are deemed to be admitted; the district court may rely on them, as well as facts admitted by the guilty plea, at sentencing.  *United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009); *United States v. Bennett*, 472 F.3d 825, 833-34 (11th Cir. 2006).

A court may decrease a defendant's offense level by two levels when it finds that the defendant was a "minor participant" in the criminal activity, which

3

requires that the participant was "less culpable than most other participants in the criminal activity, but whose role could not be described as minimal."  U.S.S.G. § 3B1.2(b) & comment. (n.5).  The defendant's participation is assessed in relation to the relevant conduct attributed to him in calculating his base offense level. *Rodriguez De Varon*, 175 F.3d at 941.  The adjustment applies if the defendant proves that he "play[ed] a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2, comment. (n.3(A)).  Whether the adjustment applies is based on the totality of the circumstances, including (but not limited to) these considerations:

> (i)   the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii)  the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
> (iv)  the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
>
> (v)   the degree to which the defendant stood to benefit from the criminal activity.

*Id.* § 3B1.2, comment. (n.3(C)).

4

The record supports a determination that the nature and extent of Polanco's participation in the instant offense was substantial.  Although he was brokering a deal between the CS and unspecified third parties, it was he who conducted the negotiations, set up the sale, attempted to consummate the sale, and prepared for its shipment elsewhere.  Even if Polanco did not stand to benefit greatly from the sale itself, the evidence that he moved drugs through hidden compartments, trafficked kilogram quantities of cocaine, and prepared to have the drugs shipped suggested a grander criminal scheme from which he was also benefitting.  Therefore, because of the degree to which Polanco understood the nature and scope of the criminal activity, his role in planning and organizing the drug sale, the nature and extent of his participation executing the drug sale, and the degree to which he stood to benefit from it, the district court did not clearly err in denying Polanco a minor-role reduction.

**AFFIRMED.**