[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12805
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cr-00024-LSC-SRW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDELL LAWARN MALONE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(May 17, 2019)

Before MARTIN, EDMONDSON, and HULL, Circuit Judges.

PER CURIAM:

Randell Malone appeals his above-guidelines 120-month sentence imposed after Malone pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  On appeal, Malone challenges the procedural and substantive reasonableness of his sentence.  Malone contends that the sentencing court failed to consider properly the sentencing factors under 18 U.S.C. § 3553(a), failed to explain adequately the sentence imposed, and gave undue weight to Malone's criminal history.  The government contends that Malone's arguments are barred by the plea agreement's sentence-appeal waiver.[*]  No reversible error has been shown; we dismiss the appeal.

We review <u>de novo</u> the validity of a sentence-appeal waiver.  <u>United States v. Johnson</u>, 541 F.3d 1064, 1066 (11th Cir. 2008).  A sentence-appeal waiver is enforceable if it is made knowingly and voluntarily.  <u>United States v. Bushert</u>, 997 F.2d 1343, 1351 (11th Cir. 1993).  To establish that the waiver was knowing and voluntary, the government must show either that "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11

---

[*] Malone acknowledges that his plea agreement contained a sentence-appeal waiver. Nevertheless, Malone makes no argument on appeal challenging the enforceability of the sentence-appeal waiver or the voluntariness of his guilty plea.

2

colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." Id.

We conclude that Malone's appellate arguments about the procedural and substantive reasonableness of his sentence are barred by his sentence-appeal waiver. Malone's written plea agreement provided expressly that Malone waived "the right to appeal the sentence on the grounds that . . . the sentence imposed was unreasonable . . .." The district court also explained that -- pursuant to the plea agreement -- Malone had agreed to waive his right to appeal and the right to attack collaterally his sentence, except in limited circumstances. In particular, the district court explained that Malone could appeal his sentence only (1) on grounds of ineffective assistance of counsel, prosecutorial misconduct, or that the district court erred in assigning Malone more than nine criminal history points, or (2) if the government appealed Malone's sentence. Outside of those exceptions, the district court told Malone that he was "completely giving up the right to appeal or in any way to attack the sentence imposed on you." Malone indicated that he understood the terms of the sentence-appeal waiver.

Because the record demonstrates that Malone waived knowingly and voluntarily his right to appeal his sentence, we will enforce the plea agreement's sentence-appeal waiver. None of the exceptions to the appeal waiver apply: the

3

arguments Malone attempts to raise on appeal fall entirely within the scope of the appeal waiver.  Accordingly, we dismiss this appeal.

DISMISSED.