[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  18-14265
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cr-00187-SCB-TGW-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD HAMILTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 24, 2019)

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

The government moves to dismiss Hamilton's appeal of his sentence,

arguing he waived his right to appeal pursuant to an appeal waiver.  After careful

review, we conclude Hamilton's appeal waiver is enforceable and grant the government's motion.

## I.

In April 2018, Hamilton was charged with conspiracy to distribute and to possess with intent to distribute 100 kilograms or more of marijuana on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a), 70506(a), (b), and 21 U.S.C. § 960(b)(2)(G).  Hamilton pled guilty pursuant to a plea agreement that included a sentence appeal waiver.  Specifically, Hamilton agreed to waive his right to "appeal [his] sentence on any ground, including the ground that the [district] [c]ourt erred in determining the applicable guidelines range pursuant to the . . . Guidelines."  His sentence appeal waiver provided three exceptions, one of which allowed Hamilton to appeal if his sentence "exceed[ed] the . . . applicable guidelines range as determined by the [district] [c]ourt."

At Hamilton's change of plea hearing, a magistrate judge explained the sentence appeal waiver to Hamilton, emphasizing it waived his right to appeal the district court's determination of his guidelines range.  The magistrate judge also asked Hamilton if he understood his sentence appeal waiver and if he was entering into it voluntarily and knowingly.  Hamilton answered yes to both questions.  After

Hamilton pled guilty, the magistrate judge recommended the district court accept Hamilton's plea, and the district court did so.

A probation officer prepared a Presentence Investigation Report ("PSR"). The PSR calculated Hamilton's initial guidelines range as 37 to 46 months. However, the statutory minimum term of imprisonment for Hamilton's offense was 60 months. See 21 U.S.C. § 960(b)(2)(G). For that reason, the PSR increased Hamilton's guidelines range to 60 months under § 5G1.1(b) of the Guidelines.

At sentencing, Hamilton argued that the district court did not have to apply § 5G1.1(b) because his offense qualified for a safety valve exception. See 18 U.S.C. § 3553(f); USSG § 5C1.2. The safety valve exception, or § 5C1.2 of the Guidelines, provides that a defendant may be sentenced to the applicable guidelines range, without regard to a statutory mandatory minimum sentence, if the defendant meets the criteria in 18 U.S.C. §§ 3553(f)(1)–(5). Following binding precedent, the district court declined to apply the safety valve exception and imposed the mandatory minimum sentence under § 5G1.1(b).

## II.

We review de novo the validity of a sentence appeal waiver. United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence appeal waiver is enforceable so long as it was made knowingly and voluntarily. United States v. Bushert, 997 F.2d 1343, 1350–51 (11th Cir. 1993). To establish a waiver as

3

knowing and voluntary, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." Id. at 1351.

On appeal, Hamilton argues the district court erred in sentencing him to the mandatory minimum of 60 months by applying § 5G1.1(b) instead of the safety valve exception in § 5C1.2. He also argues Congress's recent amendment to § 3553(f), which became effective on December 21, 2018 and specifically designated Hamilton's offense as qualifying for the safety valve exception, requires us to vacate his sentence. See First Step Act of 2018, Pub. L. No. 115-391, § 402, 132 Stat. 5194, 5221.

Both of Hamilton's arguments are barred by his appeal waiver because Hamilton made a knowing and voluntary waiver of his right to appeal his sentence. See Bushert, 997 F.2d at 1351. As a result, he cannot directly appeal his sentence "on any ground," including whether the district court erred in determining his guideline range by applying § 5G1.1(b) or whether he should benefit from Congress's recent amendment to § 3553(f).

Hamilton argues his appeal waiver does not apply because the imposition of the five-year mandatory minimum resulted in a sentence that exceeded his guidelines range of 37 to 46 months. However, the district court determined

4

Hamilton's guidelines range was 60 months, not 37 to 46 months, when it declined to apply the safety valve exception in § 5C1.2.  See USSG § 5G1.1 cmt. (describing how § 5G1.1 may increase a sentence "under the guidelines" to the mandatory minimum).  As a result, the district court did not exceed Hamilton's guidelines range when it sentenced him to 60 months.  Hamilton's argument therefore does not qualify for the exception in his appeal waiver.

Hamilton last argues appeal waivers are unconstitutional.  But the right to an appeal is statutory, not constitutional, and this Court has held that knowing and voluntary appeal waivers should be given their full effect.  Bushert, 997 F.2d at 1347.  As set out above, Hamilton's appeal waiver was knowingly and voluntarily made and is thus enforceable.  We therefore grant the government's motion and dismiss Hamilton's appeal.

**APPEAL DISMISSED.**