[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15338
Non-Argument Calendar
_____

D.C. Docket No. 2:18-cr-00155-MHT-WC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEMETRUS DONYELL PORTER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(September 24, 2019)

Before MARTIN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Demetrus Donyell Porter appeals his 84-month sentence imposed for his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Porter argues that the district court procedurally erred when sentencing him by considering as part of Porter's relevant conduct evidence of firearms seized from his home during a May 8, 2018, search.  The evidence in question had been the subject of a successful suppression motion.  In response, the government asserts that Porter's challenge to his sentence is barred by his valid appeal waiver contained in his plea agreement.  Where, as here, the government has not appealed Porter's sentence, the appeal waiver prohibits Porter from appealing or collaterally attacking his sentence unless on grounds of ineffective assistance of counsel or prosecutorial misconduct.

"We review the validity of a sentence appeal waiver *de novo*."  *United States v. DiFalco*, 837 F.3d 1207, 1215 (11th Cir. 2016); *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).  A sentence appeal waiver will be enforced if it was made knowingly and voluntarily.  *United States v. Lewis*, 928 F.3d 980, 985 (11th Cir. 2019); *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).  To establish the waiver was made knowingly and voluntarily, the government must show that either (1) the district court specifically questioned the defendant about the wavier during the plea colloquy, or (2) the record makes clear the defendant otherwise understood the full consequences of the waiver. *Lewis*, 928 F.3d at 985;

2

*See Garibo-Carmona v. United States*, 216 F. Supp. 3d 1378, 1381 n.7 (11th Cir. 2016).

Here, the record demonstrates that Porter knowingly and voluntarily waived his right to appeal. At the plea colloquy, the magistrate judge specifically questioned Porter about the appeal waiver in his plea agreement. The magistrate judge explained to Porter that he had the right to appeal his sentence but that, by entering a guilty plea, he was waiving his right to appeal or collaterally attack all or part of his sentence except on the grounds of ineffective assistance of counsel or prosecutorial misconduct. Porter responded to the magistrate judge by stating he understood. He also agreed that no one had threatened him or made any promises or assurances not listed in the plea agreement. These facts are sufficient to establish that Porter knowingly and voluntarily agreed to waive his right to appeal.

Porter also does not argue that any exception to the appeal waiver applies here. Accordingly, we dismiss Porter's appeal pursuant to the appeal waiver.

**DISMISSED.**