[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14850
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cr-00389-SDM-TGW-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCIAL CUERO-CUERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 21, 2019)

Before TJOFLAT, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Marcial Cuero-Cuero appeals his sentence of 235 months of imprisonment

after pleading guilty, pursuant to a written agreement, to conspiracy to possess with

intent to distribute 5 kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States.  The government has moved to dismiss Cuero-Cuero's appeal based on the sentence-appeal waiver in his plea agreement.

Under the plea agreement, Cuero-Cuero agreed to plead guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), (b) and 21 U.S.C. § 960(b)(1)(B)(ii).  The plea agreement contained an appeal waiver, in which Cuero-Cuero expressly agreed to waive the right to appeal "[his] sentence on any ground," except on grounds that (1) the sentence exceeded the defendant's applicable guidelines range "as determined by the Court pursuant to the United States Sentencing Guidelines," (2) the sentence exceeded the statutory maximum penalty, or (3) the sentence violated the Eight Amendment.  The appeal waiver released Cuero-Cuero from its provisions if the government appealed the sentence imposed.

The magistrate judge recommended acceptance of Cuero-Cuero's guilty plea after conducting a plea colloquy at which Cuero-Cuero and his interpreter were placed under oath. During this colloquy, the magistrate judge confirmed that Cuero-Cuero's counsel spoke Spanish to him directly, and Cuero-Cuero indicated that he understood the Spanish being spoken to him by his counsel and the interpreter.

Cuero-Cuero confirmed that he had reviewed the plea agreement with his counsel and understood each page of it.

The magistrate judge also went over the plea agreement. Among other aspects, the magistrate judge reviewed the appeal waiver and informed Cuero-Cuero that it allowed him to appeal only if the sentence exceeded the guidelines range as determined by the court or the statutory maximum penalty or if it violated the Eighth Amendment. Cuero-Cuero verified he understood and said he had no questions about the waiver. Cuero-Cuero also acknowledged that he could not appeal the manner in which the district court calculated his sentencing guidelines. He stated that, as part of the plea agreement, he was freely and voluntarily agreeing to waive his right to appeal as a part of the plea agreement. Cuero-Cuero agreed that no one had forced or coerced him into doing so, no one had promised him anything other than what was contained in his plea agreement, no one had coached him to testify other than the truth, and his answers were truthful.

Based on the magistrate judge's colloquy with Cuero-Cuero, as relevant here, the magistrate judge found that Cuero-Cuero was alert and understood the consequences of pleading guilty and that Cuero-Cuero was pleading guilty freely, voluntarily, and knowingly, with the advice of counsel with whom he stated he was satisfied. The magistrate judge recommended that the guilty plea be accepted by the

3

district court.  With no objections filed, the district court accepted the guilty plea and adjudged Cuero-Cuero guilty.

At sentencing, based on a total offense level of 37 and a criminal-history category of II, the district court calculated Cuero-Cuero's guideline range at 235 to 293 months' imprisonment.  The district court sentenced Cuero-Cuero to 235 months' imprisonment.

On appeal, Cuero Cuero argues that his sentence is substantively unreasonable.  The government has moved to dismiss the appeal, based on the appeal waiver.

We review *de novo* the validity of a sentence appeal waiver.  *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).  A district court must confirm that a defendant understands "the terms of any plea agreement provision waiving the right to appeal or to collaterally attack the sentence."  Fed. R. Crim. P 11(b)(1)(N).  A sentence appeal waiver will be enforced if it was made knowingly and voluntarily.  *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).  To establish that the waiver was made knowingly and voluntarily, the government must show either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver.  *Id.*

4

Here, the record establishes that Cuero-Cuero knowingly and voluntarily agreed to the appeal waiver.  The district court expressly explained the waiver to Cuero-Cuero and allowed him an opportunity to ask any questions concerning it. Cuero-Cuero expressly said he understood the provision and acknowledged that no one had forced or coerced him to sign it.  Therefore, we enforce the appeal waiver.

Cuero-Cuero's challenge on appeal to the substantive reasonableness of his sentence does not fall within any exceptions to the appeal waiver, and the government did not appeal.  Accordingly, we grant the government's motion to dismiss the appeal.

**APPEAL DISMISSED**.