[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12540
Non-Argument Calendar

_____

D.C. Docket No. 2:19-cr-00318-LCB-HNJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARDARRIUS KEITHLYN SPEIGNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(February 18, 2021)

Before WILSON, ROSENBAUM, and BRASHER, Circuit Judges.

PER CURIAM:

Ardarrius Speigner appeals his 72-month sentence for pleading guilty to possessing a firearm as a convicted felon. The government moved to dismiss this

appeal under the appeal waiver provision of Speigner's plea agreement. After careful review, we grant the government's motion and dismiss this appeal.

## I.

Speigner pleaded guilty to possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). According to the plea agreement's signed factual basis, Speigner was pulled over after he fell asleep at a stop light and remained there as the light cycled from red to green several times. During an ensuing pat-down search, Speigner removed a Bersa .380 pistol from the back pocket of his pants. The officer confiscated the pistol and arrested Speigner. The plea agreement stipulated that the maximum statutory punishment for Speigner's offense was 10 years' imprisonment.

The plea agreement also included a sentence appeal waiver. Set out in bold typeface, the waiver provided that Speigner waived his right to appeal his conviction or sentence, as well as any fines, restitution, or forfeiture orders imposed by the district court or imposed in any post-conviction proceeding. The waiver did not extend to sentences imposed outside the applicable statutory maximum or guidelines range. Nor did the waiver prevent Speigner from appealing any ineffective assistance of counsel claims.

The agreement stated that before giving up these rights, Speigner had discussed the guidelines and their application with his attorney. The agreement also

2

included a signed acknowledgement that Speigner understood the wavier, and that he was entering into it knowingly and voluntarily. Speigner signed the agreement and initialed each page. Speigner's counsel also signed an acknowledgment that he had discussed the terms of the agreement with Speigner.

At the change-of-plea hearing, the district court told Speigner that, if anything occurred that he did not fully understand, he should interrupt the proceedings and alert the court. Speigner indicated that he understood these instructions. He then testified under oath that he had a 10th grade education, that he had initialed and signed the agreement, that he was not then under the influence of drugs or other substances, and that he was not suffering from a mental or emotional impairment. Speigner also stated that he had an opportunity to discuss the agreement with his attorney before signing it.

The court then confirmed with Speigner's attorney that he had explained and discussed the waiver of appeal. The attorney stated that he had and that he was satisfied that Speigner understood the terms of the waiver. Speigner then stated again that he understood the terms of the waiver, that his counsel had explained the waiver to him, and that he did not have any questions about the waiver or its operation. The court found that Speigner was fully competent and capable of entering an informed plea and that he was aware of the nature of the charges and of the consequences of

3

the plea agreement. The court also found that Speigner's plea was knowing, voluntary, and supported by an independent factual basis.

According to the presentence report, Speigner's guidelines range was between 70 and 87 months, based on a total offense level of 21 and a criminal history category of V. Speigner requested a 42-month sentence, a downward variance from this guidelines range based on his mental health and the fact that his two robbery convictions were only charged separately because he crossed county lines in their commission. At the hearing, the government recommended a sentence of 70 months. The court sentenced Speigner to 72 months' imprisonment. Speigner objected to the substantive reasonableness of the sentence, and the court noted that the sentence was within the guidelines range. The court then stated that Speigner had the right to appeal his sentence within 14 days unless he had waived those rights as part of the plea agreement. Even so, the court informed Speigner that he could present his theory that his waiver was unenforceable to this Court. Speigner timely appealed.

## II.

We review the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence appeal waiver's validity turns on whether it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that: (1) the district

court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.* A waiver is enforceable if the defendant claimed to understand it during the plea colloquy, confirmed that he had read the plea agreement and knew it was binding, and entered into the plea agreement freely and voluntarily. *United States v. Weaver*, 275 F.3d 1320, 1323–24, 1333 (11th Cir. 2001).

Speigner argues that the court did not adequately explain the significance of the appeal waiver during the guilty-plea colloquy and that the record does not establish that he otherwise understood the significance of the appeal waiver. Although it would have been better for the district court to have walked Speigner through the terms of the appeal waiver at the change-of-plea hearing, *see* FED.R. CRIM.P. 11(b)(1)(N), we disagree that the record does not establish that he understood the significance of the appeal waiver. The court referenced the appeal waiver, Speigner confirmed that he had read and understood the agreement and waiver, and Speigner acknowledged in the agreement that he was making the waiver freely and voluntarily. Accordingly, we hold that Speigner waived his appeal knowingly and voluntarily, so the appeal waiver was valid and enforceable. Because the issue Speigner raises on appeal—the substantive reasonableness of his sentence—does not fit within an exception to the appeal waiver, his appeal is barred.

**III.**

For the reasons stated above, the government's Motion to Dismiss is GRANTED, and Speigner's appeal is DISMISSED.