[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12000

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DEMETRIUS L. RICHARDSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:21-cr-00163-JB-MU-1

_____

Before WILSON, JILL PRYOR and LUCK, Circuit Judges.

PER CURIAM:

Demetrius L. Richardson appeals the district court's apportionment of restitution following his conviction for wire fraud. Richardson argues that the district court erred by imposing restitution jointly and severally with his codefendant, rather than apportioning the restitution according to the benefit each defendant realized from the fraud. Notably, however, Richardson signed a plea agreement that contained a sentence-appeal waiver provision in which he waived his right to appeal his sentence, with three specific exceptions: (1) a sentence in excess of the statutory maximum, (2) a sentence that represented an upward variance or an upward departure from the advisory guideline range, or (3) a claim of ineffective assistance of counsel. We conclude that the appeal waiver in Richardson's plea agreement bars this appeal.

We review the validity of a sentence-appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). An appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.* at 1351; *see also* Fed. R. Crim. P. 11(b)(1)(N) (requiring

that the district court inform the defendant of the terms of an appeal waiver). A waiver of the right to appeal a sentence necessarily includes a waiver of the right to appeal the restitution imposed. *See Johnson*, 541 F.3d at 1067–69 (holding that a defendant had waived his right to argue on appeal that the district court's restitution order was untimely because the defendant had knowingly and voluntarily waived his right to appeal his sentence).

The district court specifically questioned Richardson about the appeal waiver contained in his plea agreement, including the three exceptions, and Richardson acknowledged that he understood. Indeed, Richardson does not now argue that his waiver was unknowing or involuntary. Thus, Richardson's appeal waiver is enforceable. And, under *Johnson*, the waiver encompasses the district court's restitution award. *See id.*

Despite acknowledging that restitution is part of his sentence, *see id.*, Richardson maintains that an exception to his appeal waiver applies. He points out that he is appealing the apportionment of restitution under the Mandatory Victim Restitution Act ("MVRA"), not the imposition of restitution itself. He argues that because the MVRA establishes "the guidelines to follow in assessing restitution," the district court's decision to hold him accountable for the entirety of the restitution award (despite, he argues, the MVRA's guidelines) was an "upward departure" from those "guidelines." Reply Br. at 4. We disagree that Richardson's challenge falls within the exception for upward departures from the advisory guideline range. "Advisory guideline range" as used in the

4                      Opinion of the Court                    22-12000

appeal waiver is a term of art that refers to the Sentencing Guide-lines, not to any advisory or guiding materials a district court may consider in arriving at an appropriate sentence.

In sum, Richardson's appeal waiver is enforceable, and the challenge he seeks to raise falls within the scope of the waiver. We therefore dismiss his appeal.

**APPEAL DISMISSED.**