[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13995

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RICARDO AMAUI MONTAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:13-cr-00273-LMM-CMS-2

_____

Before WILSON, ROSENBAUM, and LUCK, Circuit Judges.

PER CURIAM:

Ricardo Montas appeals the 120-month prison sentence he received for conspiring to possess with intent to distribute at least 500 grams of methamphetamine. He argues that the district court committed procedural errors at sentencing and imposed a substantively unreasonable sentence. The government has filed a motion to dismiss Montas's appeal, based on the sentence appeal waiver in his plea agreement. We now grant that motion because Montas's appeal waiver is enforceable and bars his challenge.

We review the validity of a sentence appeal waiver de novo. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.* Here, the government has shown both.

In Montas's plea agreement, a section titled and underlined, "Limited Waiver of Appeal," stated that Montas expressly waived his right to appeal or collaterally attack his convictions or sentences "on any ground," except that he could "file a direct appeal of an

upward departure or upward variance above the sentencing guideline range as calculated by the [d]istrict [c]ourt," raise claims regarding his counsel's ineffective assistance, or file a cross-appeal if the government initiated a direct appeal. Another section of the agreement stated that there were "no other agreements, promises, representations, or understandings between [Montas] and the [g]overnment."

Appended to the plea agreement was a statement signed by Montas confirming that he had read the agreement, carefully reviewed each part with his attorney, understood the terms and conditions therein, and voluntarily agreed to those terms and conditions. He confirmed that he understood the appeal waiver and the narrow exceptions in which he could appeal. And Montas indicated that no one had threatened or forced him to plead guilty.

The district court also specifically questioned Montas about the appeal waiver during the plea colloquy. After the government summarized the plea agreement and read the terms of the appeal waiver into the record, the court emphasized that Montas would be "giving up [his] rights to appeal in almost all circumstances," including "most of [his] right to appeal [his] sentence." Addressing Montas, the court stated, "[A]bsent the very limited circumstances in which you have reserved your right to appeal, you will not be able to contest the sentence even if it's wrong or you're unhappy with it." Montas confirmed his understanding, and Montas's counsel stated that he had discussed the appeal waiver with his client. Montas also said that he had sufficient time to discuss the case with

his attorney and had no other questions before pleading guilty. The district court accepted Montas's guilty plea, finding it "knowingly, voluntarily, and intelligently made."

At sentencing, the district court calculated a guideline imprisonment range of 168 to 210 months and heard arguments as to a reasonable sentence.  The government asked for a sentence of 151 months, which it asserted was justified in part by Montas's fleeing the country to avoid facing charges in this case.  Montas responded that there was no evidence he left the country to avoid prosecution, and he argued he should receive a similar sentence as a codefendant to avoid unwarranted disparities.  The district court sentenced Montas to 120 months, explaining that the sentence took into account "the circumstances of you not immediately facing what you knew were some serious federal charges, that you took a gamble that you could avoid them, and there are consequences for that."

Montas argues that the district court procedurally and substantively erred by relying in part on an "erroneous conclusion that [he] fled the United States to avoid prosecution."  But the appeal waiver precludes this challenge, even assuming it has merit, because it does not fall into any of the exceptions set forth in the appeal waiver. *See United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999) ("A waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues.").  The waiver is enforceable because the district court specifically questioned Montas about the waiver during the plea colloquy, and the record

21-13995                Opinion of the Court                5

otherwise shows that he understood the full significance of the appeal wavier.  *See Bushert*, 997 F.2d at 1351.

We there **GRANT** the government's motion to dismiss.

**APPEAL DISMISSED.**