[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-10764

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

*versus*

ADRIAN HOWARD,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:21-cr-00053-MTT-CHW-1

_____

Before ROSENBAUM, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Adrian Howard appeals his 145-month prison sentence for possession with intent to distribute heroin, *see* 21 U.S.C. § 841(a)(1) & (b)(1)(C), arguing that the district court erred in applying a sentencing enhancement under U.S.S.G. § 2D2.1(b)(12) for maintaining a drug premises. The government has filed a motion to dismiss Howard's appeal based on the sentence appeal waiver in his plea agreement. We now grant that motion because Howard's appeal waiver is enforceable and bars his challenge.

We review de novo the validity of a sentence appeal waiver. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). The touchstone for assessing whether an appeal waiver was made knowingly and voluntarily is whether the court clearly conveyed to the defendant that he was giving up his right to appeal his sentence under most circumstances. *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020). When an appeal waiver is enforceable, it applies "not only to frivolous claims, but also to difficult and debatable legal issues." *King v. United States*, 41 F.4th 1363, 1367 (11th Cir. 2022) (quotation marks omitted).

Here, the government has shown that the appeal waiver is enforceable. In Howard's plea agreement, a section titled and underlined, "Waiver of Appeal Rights and Right of Collateral Attack,"

states that Howard "waive[d] any right to appeal the imposition of sentence upon [him], . . . except in the event that the District Court imposes a sentence that exceeds the advisory guideline range as that range has been calculated by the District Court at the time of sentencing, or in the event that the District Court imposes a sentence in excess of the statutory maximum." Howard could also appeal if the government appealed. Howard and his attorney signed the plea agreement under a certification stating that Howard had read or been read the agreement and fully understood its terms.

Then, during the plea colloquy, the district court covered the plea agreement in detail and specifically questioned Howard about the appeal waiver. Howard confirmed his understanding of the appeal waiver and its limited exceptions. The district court found that Howard's guilty plea was knowing and voluntary and supported by a factual basis. Because the district court specifically questioned Howard about the waiver, and the record otherwise shows that Howard understood the waiver's significance, the government has shown that the appeal waiver was made knowingly and voluntarily and so is enforceable. *See Boyd*, 975 F.3d at 1192; *Bushert*, 997 F.2d at 1351.

No exception to the appeal waiver applies. Howard challenges the calculation of his guideline range, specifically the district court's application of an enhancement for maintaining a drug premises that the government had stipulated did not apply. But because the sentence imposed did not exceed either the statutory

maximum or "the advisory guideline range as that range has been calculated by the District Court at the time of sentencing," Howard's challenge is barred by the appeal waiver even if it presents difficult and debatable issues. *See King*, 41 F.4th at 1367.

For these reasons, we **GRANT** the government's motion to dismiss the appeal. As a result, Howard's motion for substitute counsel is **DENIED** as moot.

**APPEAL DISMISSED.**