[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-13109

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SAMIH ABDEL RAHMAN,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:12-cr-00515-VMC-AEP-1

————————————————

Before WILSON, LUCK, and ED CARNES, Circuit Judges

PER CURIAM:

Samih Abdel Rahman pleaded guilty to conspiracy to commit money laundering. His plea agreement included a forfeiture provision and a sentence appeal waiver. Years later, the government filed a motion seeking forfeiture of the contents of Rahman's Federal Bureau of Prisons Trust Fund Account in connection with the forfeiture provision in his plea agreement. Rahman appeals the district court's grant of that motion. The government moves to dismiss Rahman's appeal because the sentence appeal waiver bars Rahman from objecting to the forfeiture.

**I.**

In 2014 Rahman pleaded guilty to conspiracy to commit money laundering offenses. As part of his plea deal, Rahman agreed to forfeit "an amount to be determined by the court at sentencing representing the amount involved in the offense." The agreement also included a sentence appeal waiver that stated Rahman could not appeal his sentence "on any ground" unless he contended his sentence exceeded the applicable guidelines range, exceeded the statutory maximum penalty, violated the Eighth Amendment, or unless the government appealed the sentence.

During Rahman's change of plea hearing, the magistrate judge told Rahman that his plea agreement included a provision that "expressly waive[s his] right to appeal [his] sentence unless certain events occur" and then listed those four exceptions. The

magistrate judge then asked Rahman if he "understand[s] that by this provision of [his] plea agreement, [he has] expressly waived [his] right to appeal [his] sentence" and Rahman confirmed that he understood. The court accepted Rahman's guilty plea.

The Court then entered a forfeiture money judgment finding that Rahman obtained at least $3,371,747.00 in proceeds from his participation in a money laundering conspiracy. The judgment allowed the government to seek forfeiture of any of Rahman's property up to that amount.

Years later, the government moved to forfeit the money in Rahman's Inmate Trust Account as partial satisfaction for his order of forfeiture. The district court granted the government's motion the same day. Rahman objected to the forfeiture order and filed a notice of appeal. The government moves to dismiss the appeal because the appeal waiver in Rahman's plea agreement forecloses his ability to appeal the forfeiture.

## II.

We review *de novo* the validity and scope of a sentence appeal waiver. *King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022).

Sentence appeal waivers are enforceable if a criminal defendant knowingly and voluntarily agreed to the waiver. *See United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). To prove a waiver was made knowingly and voluntarily, the government must show that either (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the

record makes clear that the defendant otherwise understood the full significance of the waiver.  *Id.* at 1351.

Sentence appeal waivers bar appeals of forfeiture orders because "[f]orfeiture is an element of the sentence."  *See Libretti v. United States*, 516 U.S. 29, 38–39 (1995); 18 U.S.C. § 982(a)(1) ("The court, *in imposing sentence* on a person convicted of [the offense Rahman pleaded guilty to] *shall order that the person forfeit* to the United States any property, real or personal, involved in such offense, or any property traceable to such property.") (emphasis added); 28 U.S.C. § 2461(c) ("If the defendant is convicted of the offense giving rise to the forfeiture, *the court shall order the forfeiture of the property as part of the sentence* in the criminal case.") (emphasis added); *cf. United States v. Johnson*, 541 F.3d 1064, 1067, 1069 (11th Cir. 2008) (finding that a sentence appeal waiver barred an appeal of a restitution order because restitution penalties are "incorporated into the traditional sentencing structure").

Here, Rahman knowingly and voluntarily waived the right to appeal his sentence because at his change of plea hearing, the magistrate judge explained the sentence appeal waiver and Rahman confirmed that he understood the waiver.  And none of the exceptions to the appeal waiver within Rahman's plea agreement apply.  Because Rahman cannot appeal his sentence, including any forfeiture orders accompanying that sentence, the government's motion to dismiss this appeal pursuant to the appeal waiver in Rahman's plea agreement is granted.

**APPEAL DISMISSED.**