[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————————

No. 24-11133

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RODNEY DEVON JONES,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cr-00178-KKM-AAS-1

————————————————

Before JORDAN, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

In the fall of 2021, Rodney Jones and two accomplices stole an Alfa Romeo at gunpoint. For this a grand jury returned a three-count superseding indictment against him. It charged him with carjacking (count one), brandishing a firearm during that carjacking (count two), and possessing a firearm as a felon (count three). *See* 18 U.S.C. §§ 2119; 924(c)(1)(A)(ii); 922(g)(1). He pleaded guilty to the first two counts in exchange for the government agreeing to (among other things) dismiss count three and recommend a prison term within the Sentencing Guidelines range. That range was 210–262 months' imprisonment. The government stood by its word and recommended a 262-month sentence. The district court adopted that recommendation.

Jones now appeals, arguing that the district court erred by adding an enhancement to his guidelines range and by imposing a substantively unreasonable sentence. But Jones waived his right to make those arguments. In his plea agreement, Jones "expressly" waived his right to appeal his sentence "on any ground, including the ground that the Court erred in determining the applicable guidelines range." The plea agreement enumerated four discrete grounds on which Jones could appeal: (1) "the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines"; (2) "the ground that the sentence exceeds the

statutory maximum penalty"; (3) "the ground that the sentence violates the Eighth Amendment to the Constitution"; and (4) "if the government exercises its right to appeal the sentence," then he would be "released from his waiver."

It is undisputed that none of these grounds exists. Still, the government must show that Jones made his waiver "knowingly and voluntarily." *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). One way that it can do so is by demonstrating that "it is manifestly clear from the record" that Jones "understood the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).

We have little difficulty concluding that the government made that showing. At the change-of-plea hearing, the magistrate judge carefully explained each of the limited grounds on which Jones could appeal. After going through them, the judge asked whether Jones understood that "by your plea agreement you are giving up the right to appeal your sentence unless one of these four events occurred." Jones: "Yes, ma'am." What's more, Jones "initialed each page of the plea agreement" and "confirmed that he had read and discussed the plea agreement with his counsel." *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020). As a result, "it is manifestly clear from the record that the sentence-appeal waiver was knowingly and voluntarily made and is enforceable." *Id.*

4                    Opinion of the Court                    24-11133

★        ★        ★

Because Jones waived the arguments he now seeks to make on appeal, we **GRANT** the government's motion to dismiss.