[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 24-13722

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KEVIN LAVAL WILLIAMS,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:24-cr-00224-LMM-1

————————————————

Before ROSENBAUM, GRANT, and ABUDU, Circuit Judges.

PER CURIAM:

In the fall of 2021, a federal grand jury indicted Kevin Laval Williams for knowingly possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Williams later pleaded guilty to a criminal information charging him with disposing a firearm to a felon while aided and abetted by another, in violation of 18 U.S.C. §§ 922(d)(1) and (2) for the same incident. The plea agreement stipulated that the government would dismiss the original indictment and not bring additional charges against Williams. The parties agreed to "expressly recommend" a 70-month sentence that would "bind" the district court should it accept the plea. *See* Fed. R. Crim. P. 11(c)(1)(C).

The plea agreement also contained an appeal waiver. To "the maximum extent permitted by federal law," Williams "voluntarily and expressly waive[d]" his right to appeal or collaterally attack his conviction and sentence "on any ground." The agreement carved out two exceptions to the appeal waiver: (1) ineffective assistance of counsel, and (2) a cross-appeal if the government directly appealed the sentence imposed.

Williams now appeals, arguing that the district court erred by imposing a substantively unreasonable sentence. But Williams waived his right to make this argument, and it is undisputed that neither of the two limited grounds for appeal applies here. Still, the government must show that Williams made his waiver "knowingly

and voluntarily." *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). One way that it can do so is by demonstrating that "it is manifestly clear from the record" that Williams "understood the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).

That burden is satisfied here. At the plea hearing, the district court carefully proceeded through the plea agreement to confirm that Williams understood that he was "giving up some or most of [his] rights to appeal." Williams replied "yes." Williams acknowledged that he would "not be able to appeal the sentence even if [he] disagree[d] with it." What's more, Williams verified his signature on the agreement, and "confirmed that he had read and discussed the plea agreement with his counsel." *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020). Williams's counsel affirmed that he had "thoroughly discussed the appeal waiver and determined" that it was in Williams's "best interest," after which Williams said he was satisfied with counsel's representation. And after the government read the appeal-waiver provision into the record, Williams voiced no "disagreements with the government's summary of the plea agreement." The district court thus concluded that Williams's plea was "knowingly, voluntarily and intelligently made" "on the advice of competent counsel."

Upon reviewing the final presentence investigation report and hearing from both parties' counsel as to why the 70-month sentence was reasonable, the district court accepted the plea and sentenced Williams at the low end (70 months) of his Guidelines

4                    Opinion of the Court                    24-13722

range (70–87 months).   It is thus "manifestly clear from the record that the sentence-appeal waiver was knowingly and voluntarily made and is enforceable."  *Id.*

★    ★    ★

Because Williams waived the argument he makes on appeal, we **GRANT** the government's motion to dismiss.