[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13861
Non-Argument Calendar

_____

D.C. Docket No. 8:18-cr-00248-SDM-SPF-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER FRANCISCO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 17, 2020)

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Javier Francisco pleaded guilty to conspiring to possess with the intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of the Maritime Drug Law Enforcement Act (MDLEA). Francisco argues on appeal that his conviction violates the Fifth and Sixth Amendments to the United States Constitution and the separation-of-powers doctrine. He also argues that the sentence-appeal waiver in his plea agreement is unconstitutional. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 12, 2018, a United States Coast Guard helicopter spotted a "go-fast" vessel in the Pacific Ocean approximately 330 nautical miles south of Acapulco, Mexico. The coast guard deployed a small boat to intercept the vessel, and the boat and helicopter chased the vessel for approximately two hours. As the coast guard's boat approached the vessel, the vessel ignored the coast guard's instructions to stop and instead sped away. The vessel also dropped some of its cargo into the ocean. The coast guard fired warning shots and disabling shots at the vessel, and eventually the vessel went dead in the water.

The vessel did not display the flag of any nation or have any indicators as to its nationality. The coast guard boarded the vessel and detained its three crewmembers, including Francisco. All three men claimed Mexican nationality but did not have any identification. One of the men claimed to be the captain and said

2

the vessel had Mexican nationality, but he did not present any supporting documents. The coast guard reached out to the Mexican government and provided it a description of the vessel, the location of its interception, and the name of the purported captain. After communicating with the Mexican government, the coast guard searched the vessel and found several kilograms of cocaine. Francisco and the other two men were taken into custody and eventually transported to the Middle District of Florida.

On May 24, 2018, a grand jury charged Francisco with one count of conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. section 70506(b), and one count of possessing with the intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. section 70503(a). Francisco moved to dismiss the indictment, arguing that (1) the MDLEA's venue provision, which allows certain offenses to be tried in any federal district, violates the delegation doctrine; (2) the district court lacked jurisdiction because the government failed to prove that the vessel was stateless; and (3) due-process principles required the district court to find a "sufficient nexus" between the acts charged and the United States. A magistrate judge recommended that the motion be denied. The district court adopted the recommendation over Francisco's objections and denied his motion.

3

On June 3, 2019, Francisco pleaded guilty to the conspiracy count pursuant to a written plea agreement. The agreement included a sentence-appeal waiver by which Francisco agreed to waive his right to appeal his sentence except under limited circumstances. At his plea hearing, Francisco confirmed that he understood the terms of the sentence-appeal waiver and entered into it knowingly and voluntarily. The district court accepted Francisco's plea, adjudicated him guilty, and sentenced him to 135 months in prison followed by 60 months of supervised release. Francisco timely appealed.

## STANDARDS OF REVIEW

We ordinarily review de novo the legal question of whether a federal statute is constitutional. United States v. Valois, 915 F.3d 717, 729 n.7 (11th Cir. 2019). We also review de novo the validity of an appeal waiver. United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008). However, "[w]hen a defendant raises issues for the first time on appeal, we review th[o]se issues for plain error only." United States v. Presendieu, 880 F.3d 1228, 1237 (11th Cir. 2018). To prevail under plain-error review, a defendant must show (1) an error, (2) that the error was plain, and (3) that the error affected the defendant's substantial rights. Id. If all three conditions are met, we may reverse only if the error seriously affected the fairness, integrity, or public reputation of the proceedings. See id. at 1238.

## DISCUSSION

Francisco argues that the MDLEA: (1) violates his Fifth Amendment due-process rights because it does not require that a charged offense have a nexus with the United States; (2) violates his Sixth Amendment jury-trial rights because it does not require the jury to make the determination of jurisdiction; and (3) violates the separation-of-powers doctrine by allowing the executive branch to substitute its determination of jurisdiction for the court's. Francisco also contends that his sentence-appeal waiver is facially unconstitutional.

### *Constitutionality of the MDLEA*

Francisco first argues that the MDLEA violates the Fifth Amendment Due Process Clause because it lacks a nexus requirement. As Francisco concedes, this argument is foreclosed by binding precedent. See United States v. Campbell, 743 F.3d 802, 812 (11th Cir. 2014) ("[T]he Due Process Clause of the Fifth Amendment does not prohibit the trial and conviction of an alien captured on the high seas while drug trafficking, because the Act provides clear notice that all nations prohibit and condemn drug trafficking aboard stateless vessels on the high seas."). Francisco argues we should revisit Campbell "in light of the 2017 amendment to the MDLEA that allows cases to be tried by any district" because that amendment "widens the scope of where defendants can be tried[,] making the nexus requirement all the more necessary." But even after the 2017 amendment, we have rejected the argument that

5

"due process prohibits the prosecution of foreign nationals for offenses bearing no 'nexus' to the United States." United States v. Cabezas-Montano, 949 F.3d 567, 586–87 (11th Cir. 2020). We are bound by that holding until the Supreme Court or the en banc court holds otherwise. See United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008) ("We acknowledge the strength of the prior panel precedent rule in this circuit. Under that rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc.").

Francisco next argues that the MDLEA violates his Sixth Amendment jury-trial rights because it "mandates that courts make a judicial determination of the jurisdictional element of the offense, rather than allowing a jury to make that factual finding beyond a reasonable doubt." This argument, too, is foreclosed by binding precedent. Although Francisco is right that all essential elements of a crime must be found by a jury, we have held that the MDLEA jurisdictional requirement is not an essential element. See United States v. Tinoco, 304 F.3d 1088, 1109–10 (11th Cir. 2002) ("[T]he . . . jurisdictional requirement is not an essential ingredient or an essential element of the MDLEA substantive offense, and, as a result, it does not have to be submitted to the jury for proof beyond a reasonable doubt."); accord Cabezas-Montano, 949 F.3d at 587–87 (citing Tinoco and explaining that "because the MDLEA's jurisdictional requirement goes to the subject-matter jurisdiction of

6

the courts and is not an essential element of the MDLEA substantive offense, it does not have to be submitted to the jury for proof beyond a reasonable doubt"); Valois, 915 F.3d at 722 (same).

Finally, Francisco argues that the MDLEA is unconstitutional because it "violates the separation of powers doctrine [by allowing] the Executive Branch to substitute its determination of jurisdiction for the court's determination." Specifically, he challenges the certification procedure set out in section 70502.[1] However, because Francisco did not raise this argument below, we review it only for plain error. "When neither this Court nor the Supreme Court have resolved an issue, there can be no plain error in regard to that issue." United States v. Vereen, 920 F.3d 1300, 1312 (11th Cir. 2019). Neither the Supreme Court nor this court in a published decision has addressed Francisco's separation-of-powers argument. See Cabezas-Montano, 949 F.3d at 588 n.11 ("[W]e have not directly addressed in a published case whether the revised MDLEA statute's certification procedure implicates separation of powers . . . ."). As such, even if the district court erred in failing to conclude on its own motion that the MDLEA is unconstitutional because

---

[1] Some of the MDLEA's jurisdictional requirements may be "proved conclusively by certification of the Secretary of State or the Secretary's designee." See 46 U.S.C. § 70502(c)(2)(B), (d)(2). For example, a vessel is considered a "vessel subject to the jurisdiction of the United States" if it is registered in a foreign nation that has consented or waived objection to the enforcement of United States law by the United States. Id. § 70502(c)(1)(C). Such consent or waiver of objection may be proved conclusively by certification of the Secretary of State or the Secretary's designee. Id. § 70502(c)(2)(B).

it violates the separation-of-powers doctrine, Francisco has failed to show that the error was plain.

*Constitutionality of the Sentence-Appeal Waiver*

Francisco argues that his sentence-appeal waiver is facially unconstitutional because it "impairs the plea bargaining process" and "violates the protections of the Due Process Clause." Francisco recognizes that "this Court has upheld the general validity of plea agreement waiver of appeal clauses," but he argues that this court should "reconsider the constitutionality of those clauses, as well as the propriety of the Government's requirement that a defendant waive his right to appeal as a standard condition of a plea agreement."

Again, as Francisco concedes, his argument is foreclosed by binding precedent. See, e.g., United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993) ("We agree with the basic reasoning of our sister circuits that sentence appeal waivers may be enforced."); see also Garza v. Idaho, 139 S. Ct. 738, 745 (2019) ("[S]igning an appeal waiver means giving up some, many, or even most appellate claims . . . ."). If he made the waiver knowingly and voluntarily, it is valid. See Bushert, 997 F.2d at 1350. Francisco does not argue that he made the waiver unknowingly or involuntarily; nor does the record support such a finding.

**AFFIRMED.**