[DO NOT PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-12890

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD J. RANDOLPH, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cr-00118-SDG-1

_____

Before ROSENBAUM, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Richard Randolph, III, appeals his 78-month sentence for securities fraud. The government filed a motion to dismiss Randolph's appeal based on the sentence appeal waiver in his plea agreement. Randolph's appeal waiver is enforceable because it was made knowingly and voluntarily. Further, none of the appeal waiver's exceptions are applicable. We therefore grant the government's motion to dismiss Randolph's appeal based on the appeal waiver.

I.

The government filed a criminal information charging Randolph with one count of securities fraud in violation of 18 U.S.C. § 1348. Randolph pleaded guilty and, in a written plea agreement, agreed to waive his right to appeal and to collaterally attack his conviction and sentence. The written plea agreement contained several enumerated exceptions to the appeal waiver—Randolph could still appeal if the district court upwardly departed or varied from the Sentencing Guidelines range calculated by the court, if the government appealed first, or if Randolph's counsel rendered constitutionally ineffective assistance. Attached to Randolph's written plea agreement was a signed statement attesting that he had read the plea agreement, reviewed the agreement

with his attorney, and fully understood and voluntarily agreed to its terms, including the appeal waiver.

During his plea colloquy, Randolph stated that he understood the constitutional rights he was waiving by pleading guilty, including his right to a trial where the government would have to prove his guilt beyond a reasonable doubt. He stated that he understood the charges to which he was pleading guilty, and the consequences of his guilty plea, including that he faced a maximum sentence of 25 years of imprisonment and no mandatory minimum sentence. Randolph stated that he understood that he was waiving his right to appeal. He also stated that he understood that if the court did not follow the sentencing recommendations the government agreed to make as part of the plea agreement, or if the sentence the court ultimately imposed was more severe than he anticipated, he would still be bound by his guilty plea and would have no right to withdraw it. Finally, Randolph stated that he had read the entire plea agreement and that he had no questions about it. The district court accepted the guilty plea, finding that it was "knowingly, voluntarily and competently made . . . ."

At sentencing, the district court calculated the advisory Guidelines range as 78–97 months, based on Randolph's offense level of 28 and criminal history category of I. That offense level included several enhancements, including a four-level enhancement for being an officer or director of a publicly traded company and a two-level enhancement for sophisticated means. The court imposed a sentence of 78 months' imprisonment—the low end of

the range and well below the statutory maximum of 25 years. The district court did not upwardly depart or upwardly vary from the applicable Guidelines range. The court found that the 78-month sentence was fair and reasonable based on the 18 U.S.C. § 3553(a) factors. Neither Randolph, nor the government, objected to the sentence imposed.

## II.

Randolph argues that the district court erred when it applied a sentencing enhancement for being an officer or director of a publicly traded company and committed plain error by applying the sophisticated means enhancement. The government filed a motion to dismiss based on Randolph's appeal waiver. The government argues that Randolph's guilty plea was knowing and voluntary, as was his waiver of appeal, and that no exception to enforcing the waiver applies. Randolph responds that enforcing his appeal waiver would result in a miscarriage of justice and asks this Court to recognize a manifest injustice exception to the enforcement of such waivers. For the following reasons, we grant the government's motion.

We review the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). A waiver of appeal includes a waiver of "difficult or debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296-98 (11th Cir. 2005). A waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bush-*

*ert*, 997 F.2d 1343, 1351 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id. See also* Fed. R. Crim. P. 11(b)(1)(N).

A district court's failure to list every possible exception to an appeal waiver does not alter whether a waiver was entered into knowingly and voluntarily because "the touchstone for assessing this question is whether it was clearly conveyed to the defendant that he was giving up his right to appeal under *most* circumstances." *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (cleaned up). We have held that a defendant who initials and signs a plea agreement containing an appeal waiver—affirming that he has read the agreement, discussed it with his counsel, and understood the agreement's terms—has knowingly and voluntarily made the waiver. *Id.*

Although "an effective waiver is not an absolute bar to appellate review," *Johnson*, 541 F.3d at 1068, exceptions are rare. We have held that a defendant "could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." *Id.* (quoting *Bushert*, 997 F.2d at 1350 n.18 (internal quotation marks omitted)).

Here, the record shows that Randolph knowingly and vol-

untarily waived the right to appeal his sentence. Randolph confirmed both orally and in writing that he had read and understood the plea agreement, which clearly identified the limited circumstances under which he could appeal his sentence, and voluntarily agreed to its terms. He signed both the final page of the written plea agreement and his statement affirming that the plea, including the appeal waiver, was made knowingly and voluntarily. During the plea colloquy, the district court specifically conveyed to Randolph that he was "giving up [his] right to appeal or challenge [his] conviction and sentence in almost all circumstances." When asked if he understood, Randolph replied that he did.

Furthermore, the record demonstrates that Randolph entered the guilty plea knowingly and voluntarily, and he does not challenge the voluntariness of his guilty plea on appeal. The court confirmed that Randolph understood the charges against him and the plea agreement's terms, had discussed his case with his attorney, and had not been threatened into accepting the agreement. It also confirmed that he understood the charges and potential consequences, and that he had pleaded guilty because he was in fact guilty.

Finally, no exceptions to Randolph's appeal waiver apply. The government has not exercised its right to appeal, the district court did not depart or vary upwards, and Randolph is not attacking his sentence in a post-conviction proceeding alleging ineffective assistance of counsel. Further, the district court imposed a sentence well-below the statutory maximum and Randolph has

not demonstrated that the district court's imposition of a sentence within the guideline range violated his due process rights. *See Johnson*, 541 F.3d at 1068. And again, appeal waivers are valid even where they waive debatable legal issues or blatant error. *Grinard-Henry*, 399 F.3d at 1296–98.

Accordingly, we GRANT the government's motion and DISMISS Randolph's appeal under the valid appeal waiver.