[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10874

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DERRICK GUFFIE,
a.k.a. Corey Bernard Willis,
a.k.a. Corey Moore,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

D.C. Docket No. 1:20-cr-00086-ELR-JKL-1

—————————————

Before WILSON, ROSENBAUM, and LUCK, Circuit Judges.

PER CURIAM:

Derrick Guffie appeals the 188-month total sentence that he received for possession with intent to distribute methamphetamine, possession of a firearm as an Armed Career Criminal, and possession with intent to distribute heroin. The government has filed a motion to dismiss Guffie's appeal, based on the sentence appeal waiver in Guffie's plea agreement. We now grant that motion because Guffie's appeal waiver is enforceable.

We review the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.* Here, the government has shown both.

In Guffie's plea agreement, a section titled and underlined, "Limited Waiver of Appeal" stated that Guffie expressly waived his right to appeal or collaterally attack his convictions or sentences "on any ground, except that [he could] file a direct appeal of an

upward departure or upward variance above the sentencing guideline range as calculated by the [d]istrict [c]ourt," raise claims regarding his counsel's ineffective assistance, or file a cross-appeal if the government initiated a direct appeal. Another section of the agreement stated that there were "no other agreements, promises, representations, or understandings between [Guffie] and the government."

In a statement attached to the plea agreement, Guffie signed a statement that confirmed that he had read the agreement, carefully reviewed each part with his attorney, understood the terms and conditions therein, and voluntarily agreed to those terms and conditions. He confirmed that he understood the appeal waiver and the narrow exceptions in which he could appeal. He indicated that no one had threatened or forced him to plead guilty.

And during the change-of-plea agreement Guffie also showed that he understood the appeal waiver and had agreed to it voluntarily. Among other things, the court summarized the plea agreement, including the appeal waiver (which it read into the record), and confirmed that Guffie understood the entire agreement. The court expressly noted that, under the appeal waiver, Guffie was giving up his right to appeal except on the following grounds: (1) if the court imposed a sentence higher than the guidelines range; (2) if the government appealed; or (3) if he asserted a claim of ineffective assistance of counsel. To emphasize the point, the court informed Guffie that he could not appeal "except for those three situations," to which Guffie confirmed that he understood.

Guffie also stated at the change-of-plea hearing that his counsel had not made any promises to him of a particular sentence and that he was not aware of any agreements other than the plea agreement. Both Guffie and his counsel said that they had sufficient time to discuss the case against Guffie. The court also provided a break in the proceeding in which the court allowed Guffie to speak privately with his counsel. After that break, the court again confirmed that Guffie had sufficient time to speak with his counsel and that he was satisfied with her representation.

At sentencing, over Guffie's objection, the district court determined that Guffie's prior convictions qualified him as an armed career criminal under the Armed Career Criminal Act and sentenced him under that enhancement.

On appeal, Guffie seeks to challenge that determination. But the sentence appeal waiver precludes that, as Guffie's challenge falls into none of the three exceptions that the sentence appeal waiver sets forth. And the record reflects both that the district court specifically questioned Guffie about the sentence appeal waiver during the plea colloquy and that Guffie understood the full significance of the waiver. *See Bushert*, 997 F.2d at 1351. Not only that, but the record shows that Guffie entered his agreement to the sentence appeal waiver voluntarily. Thus, the waiver is valid, and so we apply it.

We therefore GRANT the government's motion to dismiss.

**APPEAL DISMISSED.**