[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-10274

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAMES WESLEY BUCHANAN,
a.k.a. James Buchanan,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cr-00004-KKM-CPT-1

———————————

Before ROSENBAUM, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

James Buchanan appeals his sentence for possession of child pornography and destruction of evidence, arguing that the district court failed to orally pronounce at sentencing thirteen discretionary conditions of supervised release that were included in his written judgment. The government has filed a motion to dismiss Buchanan's appeal, citing the sentence appeal waiver in his plea agreement. We now grant that motion because Buchanan's appeal waiver is enforceable and bars his challenge.

We review the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.* Here, the government has shown both.

In Buchanan's plea agreement, a section titled and underlined, "Defendant's Waiver of Right to Appeal the Sentence," states that Buchanan "expressly waive[d] the right to appeal [his] sentence on any ground," with certain exceptions that do not apply

here.  Buchanan and his attorney signed the plea agreement under a certification stating that Buchanan had read or been read the agreement and fully understood its terms.

Then, during the plea colloquy, the magistrate judge covered the plea agreement in detail and specifically questioned Buchanan about the appeal waiver.  Buchanan confirmed his understanding of the appeal waiver and its limited exceptions.  The magistrate judge found that Buchanan's guilty plea was knowing and voluntary and supported by a factual basis.  And the district court accepted the plea without objection by either party.  Accordingly, the government has established that the appeal waiver was made knowingly and voluntarily.

The district court sentenced Buchanan to serve 97 months in prison, followed by ten years of supervised release.  "While on supervised release," the court advised Buchanan, "you must comply with the mandatory and standard conditions as adopted by the United States Court for the Middle District of Florida."  The court also imposed several special conditions of release.  Buchanan did not raise any issue with these conditions at the time.  The written judgment included more detail about the conditions of Buchanan's release, including, as relevant here, thirteen discretionary conditions under the heading, "Standard Conditions of Supervision."

On appeal, Buchanan argues that the district court erred when it imposed these discretionary conditions because it never identified them at the sentencing hearing.  *See United States v. Rodriguez*, 75 F.4th 1231, 1246 (11th Cir. 2023) (holding that a district

court "erred in imposing additional [discretionary] conditions in the written judgment" that were not "pronounced during his sentencing hearing").

Buchanan concedes, though, that his "appeal waiver likely bars him from challenging the imposition of certain conditions of supervision." *See United States v. Cordero*, 7 F.4th 1058, 1067 n.10 (11th Cir. 2021) (holding that "any challenge related to the conditions of [the defendant's] supervised release" was "barred by the sentence-appeal waiver"). While he argues that the appeal waiver "should not" apply here, attempting to exclude his challenge from the scope of the waiver, he does not rely on any of the exceptions set forth in the waiver. Because the appeal waiver is enforceable and no exception applies, we must enforce the waiver according to its terms and dismiss the appeal. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) ("We have consistently enforced knowing and voluntary appeal waivers according to their terms.").

For these reasons, we **GRANT** the government's motion to dismiss.

**APPEAL DISMISSED.**