[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————————

No. 23-10715

Non-Argument Calendar

————————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DANIEL JOSEPH TISONE,

Defendant-Appellant.

————————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:22-cr-00039-SPC-NPM-1

————————————————————

Before JORDAN, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Daniel Tisone appeals his 87-month sentence for wire fraud, bank fraud, illegal monetary transactions, and possession of ammunition by a felon.  The government responds by moving to dismiss this appeal pursuant to the appeal waiver in Tisone's plea agreement.  For the following reasons, we **GRANT** the government's motion to dismiss this appeal pursuant to the appeal waiver.

## I.

A federal grand jury returned an indictment charging Tisone with wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Counts One through Four); bank fraud, in violation of 18 U.S.C. §§ 1344 and 2 (Counts Five through Ten); aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2 (Counts Eleven and Twelve); illegal monetary transactions, in violation of 18 U.S.C. §§ 1957 and 2 (Counts Thirteen through Seventeen); and possession of ammunition by a felon, 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Eighteen).

Pursuant to an amended written plea agreement, Tisone agreed to plead guilty to Counts 2, 8, 14, and 18 and to make restitution of at least $2,617,447.17 to the victims of the offenses and to forfeit certain assets.  The government agreed to: dismiss the indictment's remaining counts; not charge Tisone with any other known offenses; recommend to the district court that he be sentenced within his applicable U.S. Sentencing Guidelines range as

determined by the court; recommend that Tisone receive a three-level adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a)-(b); and not oppose Tisone's request for a sentence at the low end of the guideline range. The government reserved its right to report all information concerning Tisone's background, character, and conduct, to provide relevant factual information, including the totality of Tisone's criminal activities, if any, not limited to the counts to which he pled, to respond to comments made by Tisone or his counsel, and to correct any misstatements or inaccuracies. The government also reserved the right to defend any decision the court made with regard to his sentence, even if it were inconsistent with its recommendations in the agreement. Tisone agreed to waive his right to appeal his sentence, including the ground that the court erred in determining the applicable guideline range, except he retained the right to appeal if his sentence exceeded the guideline range as calculated by the district court, exceeded the statutory maximum, or violated the Eighth Amendment.

Both in the plea agreement and at his change-of-plea hearing, Tisone confirmed that he understood the plea agreement, had discussed it with his attorney, and was pleading freely and voluntarily. Tisone admitted that he was in fact guilty, that the facts in the factual basis were true, and that the government "would be able to prove those specific facts and others beyond a reasonable doubt." Tisone signed the agreement and initialed every page of the agreement. Tisone and his counsel also stated that Tisone understood the terms of the agreement. In a report and

recommendation, the magistrate judge recommended that the district court accept the guilty plea, and the district court adopted the report.

A probation officer subsequently prepared a presentence investigation report ("PSI"). Of relevance here, the PSI reported that Tisone was being held accountable for $10,792,154.17 in intended loss. It reached this figure by adding to the actual loss of approximately $2,617,477.17 the amount of intended losses based on funds sought in loan applications that were never approved.

At the sentencing hearing, the district court confirmed that Tisone had an opportunity to read over the PSI with his attorney. Tisone stated that he did not object to the factual accuracy of the PSI and only objected to the application of the guidelines based on the loss calculation. Tisone argued that it was in the district court's discretion to only hold him responsible for actual loss and not the intended loss. The government responded that it supported the PSI's calculation using the intended loss.

The district court overruled Tisone's objection and adopted the PSI guideline calculations and calculated a guideline range of 108 to 135 months. The district court stated that it listened to counsel's argument and Tisone's statement, reviewed the PSI and sentencing memoranda, and considered the guideline range and the 18 U.S.C. § 3553(a) factors. The court then granted the government's § 5K1.1 motion and decreased his offense level two more levels, resulting in a guideline range of 87 to 108 months. The district court ultimately sentenced Tisone to 87 months of imprisonment

and 3 years of supervised release on all counts to run concurrently. The court accepted the plea agreement and dismissed the remaining counts on the government's motion. And Tisone did not object to the sentence.

## II.

In his initial brief, Tisone argues that the district court clearly erred by relying on intended losses in determining the applicable guidelines loss amount. In response, the government moves to dismiss Tisone's appeal because he waived his right to appeal his sentence and because his challenge to the applicable loss amount does not fall within any exception to the appeal waiver. Tisone, however, contends that the government breached the plea agreement by arguing in support of the PSI's proposed intended loss amount despite excluding those facts from the plea agreement.

We review the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). To establish that the waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.* The "touchstone" for assessing whether an appeal waiver was made knowingly and voluntarily is whether the court "clearly conveyed to the defendant that he was giving up his right to appeal his

sentence under *most* circumstances." *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (alterations adopted) (quoting *Bushert*, 997 F.2d at 1351). And the district court need not discuss all the exceptions to the waiver. *See id.*

Generally, a sentence appeal waiver does not bar a defendant's claim that the government breached the very plea agreement that purports to bar him from appealing his sentence. *United States v. Puentes-Hurtado*, 794 F.3d 1278, 1284 (11th Cir. 2015). In considering whether there has been a breach of a plea agreement, this Court's first step is to "determine the scope of the government's promises." *United States v. Malone*, 51 F.4th 1311, 1319 (11th Cir. 2022). But a plea agreement's unambiguous meaning controls. *United States v. Copeland*, 381 F.3d 1101, 1106 (11th Cir. 2004).

We grant the government's motion to dismiss this appeal pursuant to the appeal waiver in Tisone's plea agreement and find that the plea agreement is enforceable. First, Tisone cannot raise a substantial claim that the government breached the plea agreement, as the government did not expressly stipulate that it would only argue for the actual losses in the plea agreement's factual basis. Further, the agreement stated that the government reserved the right to report all information about Tisone's conduct to the court. And there could not have been any implied agreement regarding the loss amount because there was no express promise in the plea agreement and the end of the agreement acknowledged that no other promises had been made. Second, the appeal waiver is enforceable because Tisone knowingly and voluntarily waived

his right to appeal his sentence.  *See Bushert*, 997 F.2d at 1351; *Boyd*, 975 F.3d at 1192.  At the change-of-plea hearing, the magistrate judge confirmed that Tisone had reviewed the plea agreement with his attorney and understood the terms of the agreement.  The magistrate judge also specifically questioned Tisone about the appeal waiver and stated that, "other than these four exceptions," Tisone was waiving his right to appeal.  We conclude that none of those four exceptions are applicable here.

Accordingly, the government's motion to dismiss this appeal pursuant to the appeal waiver in Tisone's plea agreement is **GRANTED**.