[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-12613

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ROBERT LEE RIPLEY,
a.k.a. Robert Ripley,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:21-cr-00154-PGB-DAB-1

_____

2                          Opinion of the Court                          22-12613

Before NEWSOM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Robert Ripley appeals his sentence for distribution of child pornography. He argues that (1) he is entitled to be resentenced in light of Amendment 821 to the Sentencing Guidelines because he may be eligible for a sentence reduction under the newly enacted, and retroactive, U.S.S.G. § 4C1.1, despite acknowledging that he does not meet all ten criteria;[1] and (2) the district court plainly erred

---

[1] Amendment 821 added § 4C1.1 to the guidelines (adjustment for certain zero-point offenders), which provides for a two-point decrease in a defendant's offense level if the defendant satisfies the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

in failing to pronounce each of the discretionary conditions of supervised release at sentencing and instead generally referencing that Ripley must "comply with the mandatory and standard conditions adopted by the court in the Middle District of Florida." The government has moved to dismiss the appeal pursuant to the sentence-appeal waiver in Ripley's plea agreement. Ripley did not file a response in opposition to the motion to dismiss.

After review, we conclude that the sentence-appeal waiver is valid and enforceable. Therefore, we grant the government's motion to dismiss.

"We review the validity of a sentence appeal waiver de novo." *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). We enforce appeal waivers that are made knowingly and voluntarily. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993). To demonstrate that a waiver was made knowingly and

---

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.G. § 4C1.1(a) (2023).

voluntarily, the government must show that either (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

Ripley's plea agreement contained the following sentence-appeal waiver:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal [his] sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range *as determined by the Court* pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Ripley initialed each page of the agreement and signed the plea agreement, including the certification that he read the entirety of the agreement and that he fully understood its terms.

At the change-of-plea hearing, the magistrate judge confirmed that Ripley signed and initialed the plea agreement, reviewed it with his attorney, understood it, and agreed to be bound by it.[2]  The magistrate judge explained that the plea agreement contained an appeal waiver under which Ripley, "for most purposes, [gave] up any right to appeal or challenge the sentence that's actually imposed by the district judge," and that this waiver applied to a challenge in a direct appeal or a collateral attack.  The district court then explained the narrow circumstances under which Ripley had preserved his right to appeal.  Ripley stated that he understood.  After reviewing the charges against Ripley, the elements of the offenses, the factual basis for the plea, and asking questions to confirm that the plea was knowing and voluntary, the magistrate judge entered a report and recommendation recommending that the district court accept Ripley's guilty plea, and the district court accepted the recommendation.

At sentencing, Ripley did not object to the calculation of his guidelines range[3] and moved for a downward variance.  After denying Ripley's request for a downward variance, the district court imposed a sentence of 168 months' imprisonment followed by a term of 10 years' supervised release.  This appeal followed.

---

[2] Ripley consented to the magistrate judge taking his plea.

[3] The district court determined that Ripley's advisory Guideline range was 151 to 188 months' imprisonment.

The record establishes that Ripley's sentence-appeal waiver was knowingly and voluntarily made. *Bushert*, 997 F.2d at 1351. Ripley initialed each page of the plea agreement, signed the agreement, and confirmed during the plea colloquy that he reviewed the agreement and that he understood it. The magistrate judge also orally reviewed the sentence-appeal waiver with Ripley during the plea colloquy, and Ripley stated that he understood. Thus, the appeal waiver is valid and enforceable and forecloses Ripley's appeal because the issues he raises do not fall within the narrow exceptions to the waiver. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) (enforcing an appeal waiver where "the waiver provision was referenced during [the defendant's] . . . plea colloquy and [the defendant] agreed that she understood the provision and that she entered into it freely and voluntarily"). Accordingly, we **GRANT** the government's motion to dismiss.

**APPEAL DISMISSED.**