[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13999

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MANDEL LAMONT STEWART,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cr-00083-CEM-DAB-1

_____

Before LAGOA, ANDERSON and WILSON, Circuit Judges.

PER CURIAM:

Mandel Lamont Stewart appeals the district court's imposition of "standard" discretionary conditions of supervised release upon being sentenced to 96 months' imprisonment and 3 years' supervised release for possession of a firearm by a convicted felon. On appeal, he argues that the district court's oral pronouncement at sentencing that it was imposing the Middle District of Florida's standard conditions for supervised release, without specifying what those conditions were, was insufficient to provide him notice or an opportunity to object to his sentence. The government moves to dismiss Stewart's appeal based on a sentence-appeal waiver in his plea agreement, wherein Stewart waived the right to appeal his sentence in all but four circumstances: (1) if his sentence exceeded the applicable guidelines range, as determined by the district court, (2) if his sentence exceeded the statutory maximum penalty, (3) if his sentence violated the Eighth Amendment, and (4) if the government appealed his sentence. We previously carried that motion with the case.

## I.

We review the validity of a sentence-appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). An appeal waiver will be enforced if it was made knowingly and voluntarily. *Id.* Sentence-appeal waivers are valid if the government shows either that: (1) the district court specifically questioned the

defendant about the waiver or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).

We have rejected the view that examining the text of the plea agreement is sufficient to make a sentence-appeal waiver knowing and voluntary. *Id.* at 1352. Instead, the "touchstone" for assessing whether a sentence-appeal waiver was made knowingly and voluntarily is whether "it was clearly conveyed to the defendant that he was giving up his right to appeal under *most* circumstances." *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (quotations omitted and alterations accepted). We have found that a sentence-appeal waiver is valid when it "was referenced during [the] Rule 11 plea colloquy" and the defendant "agreed that she understood the [sentence-appeal waiver] provision and that she entered into it freely and voluntarily." *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001). The district court need not cover every exception to the sentence-appeal waiver in its colloquy to effectively convey that a defendant is giving up his right to appeal in most circumstances. *Boyd*, 975 F.3d at 1192.

In *Boyd*, we determined that the record demonstrated that the defendant knowingly and voluntarily entered the sentence-appeal waiver when he initialed each page of the plea agreement; signed the portion of the plea agreement stating that he had read the agreement in its entirety, discussed it with counsel, and understood it; and confirmed that he had read the plea agreement, discussed it with counsel, and understood it during the plea colloquy.

*Id.* at 1192.  However, in that case, the district court also had advised the defendant that, if it sentenced him within the advisory guideline range, the defendant would "'not be able to appeal that sentence or ever attack it in any way through a direct appeal or some collateral attack,'" and the defendant "stated that he understood." *Id.*  We considered these facts together to conclude that the sentence-appeal waiver was knowingly and voluntarily made. *Id.*

Appeal waivers may bar not only "frivolous claims, but also . . . difficult and debatable legal issues." *King v. United States*, 41 F.4th 1363, 1367 (11th Cir. 2022) (quotations omitted).  A defendant who waives his right to appeal "gives up even the right to appeal blatant error, because the waiver would be nearly meaningless if it included only those appeals that border on the frivolous." *Id.* (quotations omitted).  Motions to dismiss based on sentence-appeal waivers should be decided as early as possible, and carrying such motions with the case is generally disfavored because it deprives the government of the benefit of its bargain. *Buchanan*, 131 F.3d at 1008.

Here, the district court did not sufficiently convey that Stewart was waiving his right to appeal his sentence under most circumstances and the record does not make clear that Stewart otherwise understood the full significance of the waiver, rendering Stewart's sentence-appeal waiver invalid and unenforceable.  Accordingly, the government's motion to dismiss is DENIED.

II.

When a defendant fails to object to the imposition of conditions of supervised release in the district court, we review the imposition of such conditions for plain error. *Hayden*, 119 F.4th at 838. We decide *de novo* whether a defendant "had no opportunity to object at sentencing because the court included the condition for the first time in its written final judgment." *Id.* (quotations omitted and alterations adopted).

Supervised release, and the conditions thereof, are part of a defendant's sentence. *United States v. Hamilton*, 66 F.4th 1267, 1275 (11th Cir. 2023). Due process requires that the district court "pronounce the sentence, giving the defendant notice of the sentence and an opportunity to object." *United States v. Rodriguez*, 75 F.4th 1231, 1247 (11th Cir. 2023) (quotations omitted). "Due process concerns arise when a district court's in-court pronouncement of a sentence differs from the judgment that the court later enters." *Id.* Accordingly, "a district court must pronounce at the defendant's sentencing hearing any discretionary conditions of supervised release." *Id.* at 1246. District courts can "satisfy this requirement by referencing a written list of supervised release conditions." *Id.* That is, instead of articulating each condition of supervised release, a district court can simply say that it adopts the PSI's recommended conditions of supervised release or that it is imposing the standard conditions of supervised release from a standing administrative order. *Id.* This is sufficient to give "any defendant who is unfamiliar with the conditions the opportunity to inquire about and challenge them." *Id.*

In *United States v. Hayden*, a case arising out of the Middle District of Florida, we held that the district court's statement that a defendant "would 'need to comply with the mandatory and standard conditions adopted by the Court in the Middle District'" satisfied due process because that oral reference to "the 13 discretionary standard conditions of supervised release for the Middle District of Florida" gave the defendant notice and the opportunity to challenge the conditions of supervised release.  119 F.4th 832, 838 (11th Cir. 2024).  First, reviewing the record *de novo*, we held that the defendant had an opportunity to object to the sentence because the district court said that there would be standard conditions attached to his supervised release and asked for objections before ending the sentencing hearing.  *Id.*  Second, we held that, because the district court orally referenced the standard conditions of supervised release and because the oral pronouncement and written judgment did not conflict, the court "did not err—much less plainly err—when it failed to describe the conditions of supervised release in its oral pronouncement."  *Id.* at 838-39.  We observed that the Middle District's standard conditions for supervised release were available in a publicly available judgment form, and that the conditions tracked the standard conditions for supervised release outlined in the Guidelines.  *Id.* at 839.  We explained that the oral pronouncement and written judgment did not conflict because the written judgment specified what already had been orally pronounced at sentencing.  *Id.*

Our prior-precedent rule requires us to follow our own precedent unless that precedent is overruled by an *en banc* decision of

this Court or by the Supreme Court. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016).

Here, *Hayden* forecloses Stewart's argument that generally referencing the Middle District of Florida's standard conditions for supervised release at sentencing was insufficient to provide him notice or an opportunity to object. Accordingly, the district court did not err, plainly or otherwise, in failing to specifically describe each standard condition of supervised release in its oral pronouncement.

**AFFIRMED.**