[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-14076

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

NEAL RICHARD GOODACRE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:24-cr-00163-LSC-GMB-1

_____

Before BRANCH, BRASHER, and KIDD, Circuit Judges.

PER CURIAM:

Neal Goodacre appeals his total 960-month sentence after he pleaded guilty to two counts of production of child pornography and one count of possession of child pornography. He argues that his sentence is procedurally and substantively unreasonable. The government moves to dismiss the appeal pursuant to the sentence-appeal waiver in Goodacre's plea agreement. Goodacre argues that his appeal waiver should not be enforced because an appeal waiver does not waive his right to allocute before the district court determines sentence, and the district court violated his due process rights by determining his sentence before giving him a chance to allocute.

After review, we conclude that the sentence-appeal waiver is valid and enforceable and applies to the claims Goodacre raises in his brief on appeal. Therefore, we grant the government's motion to dismiss.

In 2024, Goodacre pleaded guilty to two counts of production of child pornography and one count of possession of child pornography pursuant to a written plea agreement. According to the factual basis in the plea agreement, law enforcement discovered that Goodacre had posted images of a clothed five-year-old female minor "in both full view and in lascivious, close angles of the child's genital area." Law enforcement also discovered additional pornographic images and a

video of the same female minor on Goodacre's laptop and iPhone. Some of these images portrayed the female minor sitting on a toilet with the pictures focusing on her genitals, and another showed Goodacre kissing the minor on the lips. The video filmed the minor's buttocks and genitalia along with lifting the minor's shirt up to expose her bare back and stomach.[1]

Goodacre's plea agreement contained a sentence-appeal waiver. The waiver provided that, subject to the limited grounds on which Goodacre reserved the right to appeal, he "hereby waive[d] and g[a]ve up [his] right to appeal [his] conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose." He expressly reserved the right to appeal only the following: (1) a sentence that exceeded the statutory maximum; (2) a sentence that exceeded the guidelines range as determined by the district court; and (3) ineffective assistance of counsel. Goodacre initialed each page of the agreement and signed the plea agreement, including the certification that he read and fully understood the terms of the appeal waiver. The district court specifically addressed the appeal waiver with Goodacre at the change-of-plea hearing, and Goodacre confirmed that he understood and did not have any questions. The

---

[1] According to Goodacre's PSI, Goodacre was longtime friends with the minor's parents, was listed as an approved person to pick the minor up from school, was designated to receive custody of the minor in the event that her parents died, and frequently was left alone with the minor.

district court imposed a within-guidelines sentence of 960 months, which was also the statutory maximum.

"We review the validity of a sentence appeal waiver de novo." *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). We enforce appeal waivers that are made knowingly and voluntarily. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993). To demonstrate that a waiver was made knowingly and voluntarily, the government must show that either (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear "that the defendant otherwise understood the full significance of the waiver." *Bushert*, 997 F.2d at 1351.

Goodacre does not challenge the knowing and voluntary nature of his appeal waiver. Nor could he as the record confirms that the district court specifically questioned him about the waiver during the plea colloquy and establishes that Goodacre entered the waiver knowingly and voluntarily. *Id.* Instead, he argues that the appeal waiver should not be enforced because an appeal waiver does not waive his right to allocute before the district court determines sentence, citing the Second Circuit's decision in *United States v. Lajeunesse*, 85 F.4th 679 (2d Cir. 2023). In *Lajeunesse*, the Second Circuit held that a sentence-appeal waiver did not bar a claim that the trial court erred by failing to offer the defendant the opportunity to allocute at sentencing. *Id.* at 684, 691–95. We have not addressed in this Circuit whether an appeal waiver would bar

24-14076                Opinion of the Court                5

such a claim.  But we need not address that issue now because Goodacre does not raise any claim related to his right to allocute in his initial brief on appeal.[2]  Rather, in his initial brief, Goodacre merely argued that his sentence is procedurally unreasonable because the district court improperly weighed the 18 U.S.C. § 3553(a) sentencing factors and failed to consider whether the sentence would produce unwarranted sentencing disparities, and that the 960-month sentence is substantively unreasonable.  Those claims fall squarely within the ambit of the sentence-appeal waiver. Accordingly, we **GRANT** the government's motion to dismiss.

**APPEAL DISMISSED.**

---

[2] Nor did he raise such a claim at sentencing.