**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

———————————————

No. 25-13405

Non-Argument Calendar

———————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

STEVEN ANDREW HOLGUIN,

*Defendant-Appellant.*

———————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:23-cr-00478-AMM-SGC-2

———————————————

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Steven Holguin appeals his conviction and sentence for conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201(a)(1), (c), and (d). He argues that the district court erred in

applying a three-level guidelines enhancement under U.S.S.G. § 2A4.1(b)(6).  The government moves to dismiss the appeal pursuant to the sentence-appeal waiver in Holguin's plea agreement.  Holguin did not file a response.

After review, we conclude that the sentence-appeal waiver is valid and enforceable.  Therefore, we grant the government's motion to dismiss.

"We review the validity of a sentence appeal waiver de novo." *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). We enforce appeal waivers that are made knowingly and voluntarily. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993).  To demonstrate that a waiver was made knowingly and voluntarily, the government must show that either (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

Holguin's plea agreement contained the following sentence-appeal waiver:

> In consideration of the recommended disposition of this case, I, STEVEN ANDREW HOLGUIN, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders the Court might impose.  Further, I waive and give up the right to challenge my conviction and/or sentence, any fines,

> restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding . . . .

Notwithstanding the above, Holguin expressly reserved his right to appeal on the following grounds: (1) that the sentence exceeded the statutory maximum; (2) that the sentence exceeded the guidelines range as calculated by the district court; and (3) ineffective assistance of counsel. Holguin initialed each page of the agreement and signed the plea agreement, including a certification specifically concerning the sentence-appeal waiver, in which he attested that he "fully underst[oo]d the foregoing paragraphs, and that [he] knowingly and voluntarily enter[ed] into this waiver."

At the change-of-plea hearing, the district court confirmed that Holguin reviewed the plea agreement, including the sentence-appeal waiver with his attorney. Holguin confirmed that he understood that by entering a guilty plea, he was waiving his right to appeal. When asked if he had any questions about the terms of the plea agreement, Holguin confirmed that he did not. After reviewing the charge against Holguin, the elements of the offense, the factual basis for the plea, the consequences of the plea, and asking questions to confirm that the plea was knowing and voluntary, the district court accepted his guilty plea. The district

court calculated the guidelines sentencing range as 168 to 210 months, and it sentenced Holguin to 210 months' imprisonment.[1]

The record establishes that Holguin's sentence-appeal waiver was knowingly and voluntarily made. *Bushert*, 997 F.2d at 1351. He initialed each page of the plea agreement and signed the agreement, including a certification that he understood and voluntarily entered the sentence-appeal waiver. And during the plea colloquy, the district court questioned Holguin about the sentence-appeal waiver, and he confirmed that he understood the appeal waiver. Thus, the appeal waiver is valid and enforceable and forecloses Holguin's appeal because the issue he raises does not fall within the narrow exceptions to the waiver. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) (enforcing an appeal waiver where "the waiver provision was referenced during [the defendant's] . . . plea colloquy and [the defendant] agreed that she understood the provision and that she entered into it freely and voluntarily"). Accordingly, we **GRANT** the government's motion to dismiss.

**APPEAL DISMISSED.**

---

[1] The statutory maximum was life imprisonment.